In the Matter of the Application of THE CORPORATION COUNSEL OF THE CITY OF NEW YORK, for the Appointment of Commissioners of Estimate and Assessment, to Ascertain and Determine the Compensation Which Should Justly Be Made to Certain Property Owners Legally Entitled to Damages Caused by the Closing of Old Third Avenue, Formerly Old Fordham Avenue, in Blocks 2920, 2921, 2922, 2923 and 2924, in the Borough of The Bronx, City of New York.

THE CORPORATION COUNSEL OF THE CITY OF NEW YORK and Others, Appellants; JOSEPH HANLON and Others, Respondents.

First Department, April 13, 1934.

*Joel J. Squier* of counsel [*Charles A. Molloy* and *Samuel K. Handel* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellants Corporation Counsel and The City of New York.

*James J. Dunn* of counsel [*James R. Deering* with him on the brief; *Deering & Deering*, attorneys], for the appellant New York Title and Mortgage Company.

*John A. Dutton*, for the appellant The New York Savings Bank.

*Andrew C. McCarthy*, for the appellants Selina A. Bartelstone and others.

*Thomas E. Urell* of counsel [*Ralph W. Morhard* with him on the brief; *Kadel, Van Kirk & Trencher*, attorneys], for the appellant Caroline Rainville.

*Joseph Hanlon*, for the respondents Joseph Hanlon and Frank Hanlon, as executors, etc.

*Charles Lamb* of counsel [*Max L. Kantrowitz* · with him on the brief; *Frederick W. Hottenroth*, attorney], for the respondents Joseph Fetyk, as executor, etc., and others.

*Benjamin N. Brody*, for the respondent Madeline Reilly, as executrix, etc.

*Claude L. Gonnet*, for the respondent John L. Eymer, as executor, etc.

FINCH, P. J.   In this case the question arises whether the courts shall adopt an artificial formula for ascertaining damages, which formula in this case produces an unjust result, rather than base the damage upon evidence which is here available showing the actual damage suffered.   In my opinion, a formula for ascertaining damage is only a means to be used in lieu of direct evidence of damage.   To use it when there is evidence of the exact damage, is to put more importance on the means than on the end.

On December 17, 1895, a final tax map was filed which substituted Third avenue for Fordham road, and so located the westerly line of Third avenue as to leave a narrow strip, averaging about two feet, intervening between the line of the new street and the property which formerly abutted upon Fordham road.   There was no physical change in the character of said property, but it continued to be regarded and used as property fronting upon Third avenue, and was sold and conveyed as such at prices commensurate with the value of property fronting directly upon said avenue, certain of the then owners or their grantees obtaining from the estate of Gouverneur Morris, the original owners of the property and holders of title to the bed of Fordham road, deeds for the intervening strip, and the evidence showing that such deeds may be obtained for the asking and at a standard price which is barely more than nominal.   Notwithstanding this, the legal representatives of certain of those who were owners of the property abutting upon Fordham road at the time of the filing of the aforesaid final map, some thirty-five years ago, have now had commissioners of estimate and assessment appointed to determine the damages, if any, sustained by such previous owners by the filing of the aforesaid final map.   Two of the commissioners, with the third dissenting, have awarded damages upon the theory that the property abutting upon Fordham road, upon the filing of the aforesaid final map of Third avenue, was converted into interior lots without physical access to Third avenue; rejecting or disregarding evidence of actual conditions following the filing of said map.   The result is that present owners of the property, who either purchased their respective parcels including the strip fronting on Third avenue or thereafter perfected their title to said strip, are now called upon to pay an assessment upon the theory that the property so purchased and used for the past thirty-five years had no access to Third avenue and to pay such assessment for the benefit of owners or their representatives who had sold and received payment for the property on the basis that it actually fronted upon Third avenue.

Consider for a moment the approximate figures.   Cost of acquiring strip in cases of five damage parcels where the Morris Estate

holds title, $1,543. Principal amount of awards upon the same parcels, $90,453. Such a result shocks not only one's sense of justice, but one's conscience.

Theoretical damage should not take the place of actual damage. One traveling along this street could not observe any difference before and after the change in lines. They were observable on a map only, and were in fact insignificant. This is an instance of creating damages on a purely artificial basis where little or no damage was actually incurred.

The theory of damages applicable to these cases is that of indemnity, of making whole. It is measured by the actual diminution in value of the property affected. As was said by Judge VANN, in *Matter of Rapid Transit R. R. Comrs.* (197 N. Y. 81, 108), in holding that the mere filing of a paper in a public office worked no physical change in the property: " Certainty is better than conjecture and the injuries actually inflicted a better guide than the opinions of experts as to the market values just before and just after the oaths of the commissioners were filed, or during the same five minutes. * * * We think it was the duty of the commissioners to receive evidence relating to the condition of the properties down to the time of the trial and to note the effect thereon of the work in fact done at that time. Evidence as to the physical injuries which had actually been inflicted and could be seen, touched and measured, was competent and should have been received, as it was to some extent, and considered, as it was not to any extent."

The order appealed from should be reversed, and the matter remitted to new commissioners with instructions to make awards for the actual damages, if any, suffered by the owners of the premises on December 17, 1895, which damages *prima facie* appear to be the cost of acquiring title to the aforesaid intervening strip.

MERRELL and MARTIN, JJ., concur; O'MALLEY and UNTERMYER, JJ., dissent and vote to affirm.

Order reversed and matter remitted to new commissioners with instructions to make awards for the actual damages, if any, suffered by the owners of the premises on December 17, 1895, which damages *prima facie* appear to be the cost of acquiring title to the intervening strip. Settle order on notice.