In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property on Behalf of the City of New York, in the County of Delaware, For the Purpose of Providing an Additional Supply of Water for the Use of the City of New York.

Supreme Court, Special Term, Broome County, August 4, 1961.

*Leo A. Larkin, Corporation Counsel,* for Board of Water Supply of City of New York, petitioner. *Francis R. Paternoster* for certain claimants. *Herman Gottfried* for certain claimants.

Howard A. Zeller, J. The Board of Water Supply of the City of New York moves to confirm in part and to reject in part the awards made for damages in connection with the Pepacton Reservoir as made in the third separate report of Commissioners of Appraisal dated February 24, 1961, and filed in the Delaware County Clerk's office on March 1, 1961.

Three claimants cross-move to confirm their individual awards for damages to their businesses, but two of these claimants except to the expert witness' fees allowed therein by the Commissioners. The Board of Water Supply moves to reject these three awards but to confirm the witness' fee allowances.

The Board of Water Supply moves to reject all the remaining awards made to claimants for business damages upon the grounds either that there was no actual business loss suffered, that any actual loss was excessively evaluated by the Commissioners on improper bases, or that claimants were not actually in business. All of these claimants move to reject the awards as inadequate.

The Board of Water Supply moves to confirm all but three of the awards made for indirect damages to real estate. The claimants move to reject all such awards as inadequate. The board claims two of the awards for indirect property damage should be rejected because the claimants allegedly did not acquire record title to the affected premises until after the waters had actually been impounded in Pepacton Reservoir. (Reinhardt, Pettit.) No reason is ascribed by the board in asking rejection of the award for indirect property damages in one instance. (Hillriegel.)

The board further seeks as alternate relief to rejection of the awards in the third report that the report be remitted to the Commissioners for a supplemental report " setting forth the grounds of their decision, the elements considered in reaching their awards and the method of computation of the awards." The board's clear purpose in seeking such a remittance and supplemental report is to provide an opportunity to advance the same grounds for objection to the awards which the board has already made to this court. Claimants, although contesting the awards because of inadequacy and the bases used for determination, argue that the Commissioners' procedures and form of report are proper so that the report should not be remitted.

The nature and amount of the awards and the relief sought by the parties herein are summarized as follows:

| Business Damages | City Moves to | Claimant Moves to | Awards |
|---|---|---|---|
| B. Halpern | Reject | Reject | $22,250 |
| C. Kelly | Reject | Reject | 12,000 |
| Dr. Bruell Est. | Reject | Reject | 5,000 |
| R. Wyer | Reject | Reject | 3,500 |
| E. Traver | Reject | Reject | 11,000 |
| C. Ferris | Reject | Reject | 4,500 |
| H. Hillriegel | Reject | Reject | 3,500 |
| W. Shields | Reject, except as to Witness' Fees | Confirm | 4,400 |
| E. Hilton | Reject, except as to Witness' Fees | Confirm, except as to Witness' Fees | 10,500 |
| C. Wyman | Reject, except as to Witness' Fees | Confirm, except as to Witness' Fees | 6,500 |

| Indirect Real Estate | City Moves to | Claimant Moves to | Award |
|---|---|---|---|
| M. B. Donnelly | Confirm | Reject | $2,300 |
| L. Conklin | Confirm | Reject | 3,500 |
| V. Marks | Confirm | Reject | 5,800 |
| M. Fyffe | Confirm | Reject | 1,100 |
| W. Rynack | Confirm | Reject | 1,250 |
| G. Pettit | Reject | Reject | 2,250 |
| H. Hillriegel | Reject | Reject | 5,000 |
| H. Reinhardt | Reject | Reject | 3,000 |

" The courts will reject a determination of the commissioners only for irregularity in the proceedings, or if based on an erroneous principle of law (see *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 155), or, if it ' shocks not only one's sense of justice, but one's conscience ' (*Matter of City of New York* [*Old Third Ave.*], 241 App. Div. 13, 16, appeal dismissed 265 N. Y. 503)." (*Matter of Huie*, 2 N Y 2d 168, 171.)

First, let it be said that none of the awards or allowances for witness' fees contained in the third report of the Commissioners of Appraisal is so inadequate or excessive as to be shocking to the judicial conscience of this court.

Commissioners legally and traditionally have wide latitude and discretion as to the considerations and factors upon which their determination of damages are based. No one factor, element or group of them to which the Commissioners might resort is necessarily decisive or controlling. (*Matter of Huie, supra*; *Matter of City of New York* [*A & W Realty Corp.*], 1 N Y 2d 428; *Matter of Huie* [*Merrill-City of N. Y.*], 306 N. Y. 951; *Matter of Board of Water Supply of City of N. Y.*, 277 N. Y. 452.)

Implicit in the awards by the Commissioners in their third report is the finding that business operations by the respective claimants existed in fact, and in fact were damaged. The record

amply supports such findings and no more is required to sustain their confirmation. (*Matter of Huie* [*Merrill-City of N. Y.*], *supra*; *Matter of Simmons,* 132 App. Div. 574.)

The same conclusion applies equally to those awards made in the third report for indirect property damages.

Where rights do not exist at common law, the basis for claims and for defenses to claims must be found within the provisions of the applicable statute. (*Matter of Board of Water Supply of the City of N. Y.*, 211 N. Y. 174, 179.) Petitioner concedes that in this instance the Legislature " did not specify any date upon which claimants would have to be the owners of real property not taken, or of established businesses, in order to be entitled to awards ". It therefore appears there is no merit to petitioner's argument that certain claimants were not record property owners prior to some unspecified date related to the taking. Nor, obviously, can similar statutes setting qualifying dates for other takings be used to supply the particular omission here, as petitioner urges.

The erroneous principles of law advanced by petitioner to defeat certain awards pertain to secondary computational factors which petitioner theorizes should have been, but were not, used by the Commissioners in reaching their findings. Illustrative of the unreasonable results reached under petitioner's theory of damages is its claim that a Dr. Bruell, an emigrant refugee medical doctor who started his practice in Margaretville in 1942, operated his practice at an average annual loss of $4,525 for nine of the years between 1942 and 1953. But even so, compensable business damages may be found, and sustained by the courts, where actual profit in the traditional bookkeeping sense may not be discernible in any submitted proof. (*Matter of Huie* [*Smith*], 285 App. Div. 1206.)

Conversely, claimants suggest that the Commissioners erroneously must have used petitioner's computational theory to arrive at the allegedly inadequate awards. The Commissioners certainly were well aware of section K41–44.0 of the Water Supply Act (Administrative Code of City of New York, § K41–44.0) which specifically states " the commissioners shall not be limited [to] * * * proof of direct damages." Neither the record nor an examination of the individual awards suggest to this court any real indication that the Commissioners' judgment and functions in ascertaining damages here were either confined to, circumscribed by or made exclusively dependent on mere bookkeeping techniques or bald arithmetic.

Petitioner's noted computational theories also are advanced as the reason for its request to remit the third report to the

Commissioners for a fuller exposition of their means and manner of arriving at the respective determinations made. Section K41–44.0 of the Water Supply Act states that the manner provided in the act for ascertaining and determining the value of real estate taken shall be applied to evaluation of business damages. Section K41–13.0 of the Water Supply Act sets forth the essential form and findings to be returned by the Commissioners in their reports. The record and the text of the third report show that the Commissioners substantially complied with the statutory requirements in all respects.

The third separate report of the Commissioners of Appraisal should be confirmed in its entirety.