A. David Benjamin, J.
In these condemnation proceedings, claimants seek damages flowing from a street opening proceeding of one block of India Street, in the Borough of Brooklyn, extending from West Street to the East River. The proceedings were occasioned by the desire of the city to install a section of a large sewer conduit therein in connection with and as an integral part of the Newtown Creek Sewage Treatment Project for the elimination of the pollution of the rivers and waterways in. the metropolitan area.
In connection with the said taking, the city acquired a perpetual easement 50 feet wide by about 515 feet long in the property owned by the claimants directly to the north of India Street, for the purpose of installation of this sewer from the bed of India Street into and under the bed of the East River, and in *325 furtherance of the work two three-year temporary construction easements 75 feet in width flanking the permanent easement area.
.It is necessary therefore to determine what awards, if any, should be made for
(1) Fee title to India Street;
(2) The permanent easement taken;
(3) The temporary easements acquired;
(4) Consequential damage incidental to such taking.
Both proceedings were tried together and the trial was protracted. The properties are in one ownership. Hundreds of thousands of dollars of damages are claimed. A close analysis of the record indicates complete lack of any factual basis for many of the claims asserted. The property involved is a marine terminal with acres of farm area, several piers and warehouses, all serviced by several streets granting ingress and egress over the property.
It is not disputed that the taking occasioned considerable inconvenience in the operation of the terminal.
Examination of the record, however, discloses that the claimants herein were occasioned no actual financial loss by reason of such inconvenience; that during the period in question the income of the owners was increased rather than lessened and that consequential loss, if any, occasioned by reason of the taking, was to subtenants who filed no claims and are entitled to no damages and who, in fact, became tenants after the taking.
The Supreme Court- has held that the measure of damages is " What has the owner lost? ” not “ What has the taker gained? ” (Boston Chamber of Commerce v. City of Boston, 217 U. S. 189, 195, Holmes, J.) and the principle.has ofttimes been reaffirmed that theoretical damage may not-take the place of actual damage (Matter of City of New York [Old Third Ave.], 241 App. Div. 13), Where the rental obtainable after the taking will equal or be greater than before, more than nominal damages will not be paid (Matter of City of New York [East 5th St.], 1 Misc 2d 977).
It is unnecessary to reiterate the mass of historical data and record facts fully shown in the record herein and set forth in the admirable brief submitted by the Corporation .Counsel, That record fully demonstrates that the claimants herein have sustained no actual consequential damages by reason of this taking and that, in fact, during the course of the taking new leases and improved leases were made, increasing the rental income- of the property by no less than $70,000 per year net to the owner. The financial history of the property indicates, as well, that any award for consequential damages herein would constitute an *326 unwarranted windfall in the complete absence of proof of any actual damage to these claimants caused by this taking.
■ The claimants herein acquired this property for a sum of approximately $2,200,000 financéd by a mortgage in approximately that figure. They then proceeded to make new leases during the course of the taking which brought them- substantially higher income; than that , obtained prior to the taking. Under these- circumstances, and under this proof they have asked for damages in the -sum of -$784,000 for theoretical damages, wholly.unsupported by proof of actual loss.
We shall discuss these claims seriatim:'
(1) India Street: ...-
'A claim of $217,000 is,made in connection with the vesting of title to the bed of India, Street." The history of this portion of India Street shows' its continued, existence as a street for about 100 years.- - Several houses fronted oh it until but recent days when they were demolished in connection "with the construction of other improvements in the port. Many deeds to property are on record recognizing the existence-óf India Street.
In the area of. this taking, the Legislature in 1849- authorized the then'upland "owners to fill the lands under water adjacent to their.properties to the. exterior line shown on a map made by one Daniel Ewen, - in. 1836. By. specific .reference the. legislation enacted'required the continued recognition .of the streets shown on said map. The pertinent part of the legislation reads.-:
‘ ‘ Section 5:.. After the" streets designated on the aforesaid map drawn by Daniel "Ewen,- City Surveyor, and; running from high water mark into the"East River, shall be made by the owners respectively whose property "fronts on them, they shall forever remain and be public streets for the free and common use' and passage of the inhabitants of "the County .of Kings, and all others lawfully passing or repassing the same; saving and reserving, nevertheless, to the owners of-the bulkheads, docks; or wharves, which may be built pursuant to this act across the. ends" óf said streets, all wharfage, dockage and cranage from persons Using the.same as aforesaid,” . . , .;
The bed of India Street, now acquired, was shown on, the above map as I street, 60 feet wide, and runs from Washington Street (West Street) to such exterior line, a distance of -about 853 feet.
■ Damage Parcels 2 and 3 in the India. Street opening proceeding, as. well as the abutting property "in .the -easement- proceeding, were filled in pursuant to this,- act,. which, was subsequently confirmed by chápter ■ 305 .of."the-Laws - of.186'8 arid. chapter "518 of the Laws of 1880; acts releasing to the ownérs.áll of "the State’s" right, - title and interest to-the gained land. -The contemplated improve *327 ments and extensions of the street were constructed and the street paved and abutting structures' erected.
The reiteration of all the factual data indicating that India Street has been for more than a century burdened by easements as a public street will serve no useful purpose. The court finds that the bed of India Street was so burdened with, such public easements and allows but; nominal damages .in connection therewith. .■
(2) Permanent Easement:
- Damages sought herein are in connection .with the sewer built deep under the surface of the farmland. The top of the sewer will connect-up with and merge into the India Street sewer about 110 feet, from the pier and at a depth of 30 feet below the existing ground surface. At the bulkhead line it will be 23 feet below the existing river bottom and 40 feet below the ground surface. It will then run to a point 55 feet below the ground surface and 5 feet below the river bottom at the IT. S. Pierhead Line.
■ The width of the easement is 50 feet; its length 262 feet under the upland and 303 feet under the water slip between the India Street and Huron Street Piers.
There will be a manhole within the upland area for the purpose of enabling access to the sewer for maintenance, cleaning and repairs.. Since the fee is not taken, the owner will still have the beneficial enjoyment of the area for any use not inconsistent with the right of the city to maintain the sewer. He can still utilize the land as he did before as a means of access to the piers and for the storing of open cargo on the sites.
We deal here with 10,606 square feet of upland and 15,160 feet of submerged lands. Some disparity of appraisal exists between the experts for the. city and claimants with respect to the value of this permanent easement taking. Claimants’ appraiser fixes a total damage of $26,500 for this item. The city’s appraisal is in the sum of $10,606 for the upland and $5,300 for submerged land. In the opinion of the court the actual damages occasioned by this sewer outlet in the bowels of the earth on this farmland is not deserving of any substantial award. No substantial interference with the use of the total property affected is foreseeable by reason of this permanent easement-taking. The court makes an award for this item in the sum of $19,000, the maximum amount which the evidence will reasonably support.
(3) Temporary Easements:
The temporary construction easements affected an area slightly in excess of 9,000 square feet in .this terminal of more *328 than 500,000 square feet. The construction work did not extend to the pier at the foot of India Street. While it is suggested that use of this portion of the piers was interfered with, the record .is completely, barren of any facts indicating an actual diminution of income to the claimants herein or to any one from whom they derived any claims by reason of these temporary takings. It lies wholly in the realm of speculation to suggest that except for this taking the economic operation of the terminal would have exceeded the results actually demonstrated by the evidence. The estimates of damage submitted by claimants’ expert, Mr. Stewart, admittedly projected a speculation and were without consideration of the business actualities. Mr. Stewart testified that he had been denied by his own clients access to the figures from which he could determine the real facts and had been asked to frame an opinion of value upon a speculative hypothesis rather than upon true facts. The books of claimants were never made available to Mr. Stewart.
Page 502 of the minutes of these proceedings reveals the significant statement by Mr. Stewart: ‘ ‘ They are on a speculative or estimated projection.” Such testimony, of course, is without value for the purpose of the formulation of an award for damages. While the court accepts the proof that the rental value of the piers in question was approximately $65,000 for the period, there is no basis for a finding of any damage. The proof does not establish that a single vessel was denied a berth because of this taking so as to justify any award for rental value for such piers.
At most, this court would be justified in finding but nominal damages for the sliver of land affected, approximately 10,000 square feet of land, for the temporary easements. However, even though no damages resulted to the claimants by reason of such temporary easements, some fair compensation for the use of this property during-the three-year period of the taking in question should be .made. A fair rental value for this farmland would be less than 50 cents per foot and the court allows damages by reason thereof in the sum of $16,000, a sum double that fixed by the city’s appraiser.
The court makes the following awards:
(1) $19,000 for the permanent easement taking;
(2) $16,000 for the temporary easements taking.
As heretofore set forth, only nominal damages were sustained in the taking of the bed of India Street, since it was burdened with easements. And since there is no proof in the record of any consequential damages, that claim is disallowed. The total awards are $35,000 plus $100 nominal damage for the bed of India Street.