LYNBROOK HOMES, INC., Appellant, *v.* DANIEL FREY, Respondent.

Second Department, June 11, 1926.

Villages — streets — dedication — action to restrain defendant from tres-- passing on strip of land which he claims is public street — dedication of street not shown.

In an action to restrain the defendant from trespassing upon a strip of land, the contention of the defendant that the strip of land was a public street and was dedicated by the prior owner as such, cannot be sustained, since there is no evidence of a formal dedication of the street or formal acceptance thereof by the proper authorities, and since the only evidence of user is the occasional use thereof by the public, which use has not continued for a period of twenty years. It cannot be said that there was an adoption of said strip of land as a public highway by the mere fact that officers in charge of highway and street repairing

had, from time to time, kept the same in condition without specific authority. Nor does the fact that the land in question was not assessed against the owner evidence its dedication and acceptance as a public street.

APPEAL by the plaintiff, Lynbrook Homes, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 13th day of November, 1924, upon the decision of the court rendered after a trial at the Nassau Special Term.

The judgment determines that the defendant has a right of easement to use the plaintiff's land in Shipherd place as a public highway.

*Charles R. Weeks* [*Sanford A. Davison* with him on the brief] for the appellant.

*Elvin N. Edwards* [*Harvey J. George* with him on the brief], for the respondent.

KAPPER, J. The action is brought to restrain the defendant from trespassing upon a strip of land which the defendant asserts is a public highway. The alleged trespass consisted of the defendant's use of the strip by operating vehicles thereon and in removing a fence which the plaintiff erected to prevent such vehicular traffic. Defendant admits his continued use of said strip of land for highway purposes, and the removal of the fence obstruction placed thereon by the plaintiff; and asserts that the so-called highway, known as " Shipherd place," was opened and dedicated for use as a public highway by plaintiff's predecessor in title; that the same has been continuously used, worked and maintained as a public street or highway in the incorporated village of Lynbrook, and that by reason of such dedication and the public maintenance and user, the plaintiff is estopped from questioning the defendant's and the public's right of easement in said strip as a public highway.

The defendant since September 18, 1905, was and is the owner in fee simple of a parcel of land adjoining the premises of which the plaintiff became the owner on February 2, 1923. In the year 1907 one Somers, the then owner of the plaintiff's premises, is said, and it was so found by the court, to have opened as a public street the strip of land known as " Shipherd place," being about 200 feet in length and lying between Shipherd avenue and Rocklyn avenue, all shown to embrace a somewhat large plot of land which said Somers then owned. The length of Shipherd place is about 200 feet, and it lies on the extreme east of plaintiff's land and abuts the defendant's land on its westerly side. The defendant's land has no legal relation to the plaintiff's land, and ingress and egress thereto and therefrom was always had by a public highway having no connection whatever with the plaintiff's land and which is wholly

unaffected by this action. A map was made of plaintiff's premises in 1905. It showed the same platted, and laid out and abutting upon existing streets and a new street called "Denton avenue" through a part of the premises, and also shows the premises in dispute, "Shipherd place," upon the extreme easterly boundary of the land. This map, however, was not filed until July 26, 1916. It was found to be a "sales map," and since its filing lots have been sold by reference to it, it being further found "but no lots have been sold fronting on Shipherd place as designated on said map." Defendant testified that in 1907 he had a talk with Somers, asking him, "whether I had a right of way to go on that," to which Somers replied, "Certainly, we could not leave anything in between, we will give you a right of way on it." At that time all of the property of both plaintiff and defendant was in the town of Hempstead. The village of Lynbrook, in which the property lies, was incorporated in 1911. It is the claim of the defendant that Somers physically opened Shipherd place, and that ever since then it has been traveled over by vehicles; that the village of Lynbrook "honed" or scraped it as a road some two or three times a year from 1911 until the present time; that street signs had been put on the corner of Rocklyn avenue and Shipherd place with street names thereon, and that on one occasion a road repair had been made by the village by filling in a hole at the corner of Shipherd avenue and Shipherd place. Evidence was given by the clerk of the village of Lynbrook that the only instructions given by the village board with regard to Shipherd place and its upkeep or improvement or the placement of street signs or lights were *general* instructions having no specific relation to Shipherd place and *applying to streets generally;* that prior to 1923, when the controversy arose between plaintiff and the defendant, there had been no investigation concerning Shipherd place as to whether it was a public or private street, and that the village board " through its attorney asked us to take no part of either side, and we have tried to do that." One Langdon, who did road work for the village, said that his contract was to keep the roads of the village in repair; that the only work done on " Shipherd place " was to " hone " it; that a hole was filled at one time at the corner of Shipherd place and Shipherd avenue, and that the public, since the incorporation of the village of Lynbrook, had driven over the so-called street. As to " honing work," he had been given no specific instructions regarding Shipherd place, but that what he did there came under his general work of doing " honing work " *on roads generally*, and that his filling up of the hole at the corner of Shipherd avenue and Shipherd place was in the course of general road repair work.

Bates, a former road commissioner of the village of Lynbrook, although testifying that Shipherd place had been used for a number of years as a highway, and had been "worked," and was used by the public generally, said that he was never given any specific instructions to either improve or do work of any kind on Shipherd place.

It was testified to by plaintiff's president that at a meeting of the village board of Lynbrook, there was an offer of dedication of streets made by the plaintiff, said streets being shown upon the map, plaintiff's Exhibit 2, and being specified by name thereon, namely, Huntington avenue, Shipherd avenue, Elm street, Manor road, Vincent avenue and Howard place. This offer of dedication was, of course, since plaintiff's acquirement of title in 1923. The map last referred to does not show Shipherd place, nor was Shipherd place mentioned in this offer of dedication. Huntington avenue, one of the streets included in the foregoing offer, is shown on said map to be approximately 100 to 120 feet west of what was, on the map filed in 1916, Shipherd place. The later map shows the utilization of what was Shipherd place by including it in lots made to front on Huntington avenue, the rear of which abut the defendant's property. This offer of dedication of these streets to the village of Lynbrook was *accepted* and duly *confirmed by deed* to the village. The reason for such dedication seems to have been because the village was about to improve a number of streets with a concrete pavement, and upon the request of the plaintiff for concrete streets in its lands, the village demanded an actual dedication by deed, which was thereupon complied with; and since then most of the streets so dedicated by the plaintiff have been improved by the village with concrete pavement. It is not disputed that since such formal dedication and acceptance, nothing has been done or attempted by the village authorities with reference to Shipherd place.

The learned trial justice made a conclusion of law that the defendant had an easement "to use the plaintiff's lands lying in said Shipherd place as a public highway and the plaintiff is forever estopped from questioning said easement."

The appellant assails this conclusion, and contends that no act of plaintiff or its predecessors in title amounted in law to a dedication of Shipherd place as a public highway, and that if by any possibility an offer of dedication can be spelled out from the proof, the case is lacking in the corollary essential to constitute a public highway, an *acceptance* of the offer of dedication. "The dedication and acceptance are to be proved or disproved by the acts of the owner, and the circumstances under which the land has been used. Both

are questions of intention. The owner's acts and declarations should be deliberate, unequivocal and decisive, manifesting a positive and unmistakable intention to permanently abandon his property to the specific public use. If they be equivocal, or do not clearly and plainly indicate the intention to permanently abandon the property to the use of the public, they are insufficient to establish a case of dedication. In the case of a highway, the public must accept the dedication." (*Holdane* v. *Trustees of Village of Cold Spring*, 21 N. Y. 474, 477.)

The case last cited was approved in *Matter of City of New York* (*E. 177th St.*) (239 N. Y. 119, 127). Judge POUND, writing for the court, added to the above quotation: "Where the owner of land in a village lays out the same into lots and streets, makes and files a map or plat thereof, and sells and conveys lots by the map, bounded upon the streets as delineated thereon, this does not necessarily make them public highways; the acts and declarations of the party must be unmistakable in their purpose, and decisive in their character, showing an intent to dedicate the land, absolutely and irrevocably to public use; and there must also be an acceptance and formal opening by the public authorities, or a user. (*Niagara F. Susp. Bridge Co.* v. *Bachman*, 66 N. Y. 261.)"

In my opinion, the case before us falls short of meeting the tests laid down in the reported decisions as to what constitutes a legal dedication and acceptance. On the question of *user* by the public the occasional or more or less frequent automobile traffic over this small strip, and the testimony claimed to establish public maintenance and upkeep, is not nearly so strong as the facts established in *Matter of Wallace Avenue* (222 N. Y. 139, 144). There it was shown that the so-called street was policed by the city policemen, that a gas main was laid therein, that a sewer was constructed upon the permit of the borough president having municipal authority over the *locus in quo*, that street lamps were installed and maintained, that an ash sidewalk along both sides of the so-called street was laid, that a sign post was placed at the corner that intersected another and conceded public highway, that police officers stopped driving over the ash sidewalk upon the ground that it was an unlawful use of the sidewalk part of the public highway, that there had been a general user for over ten years by vehicles and pedestrians who had occasion to go to houses fronting on the street in question, and that the roadway was in a fit condition for vehicular travel during the same period of time. These were all factors that were urged upon the court as establishing that the street in controversy "was accepted as a public highway." The Court of Appeals held to the contrary and, amongst other cases, cited *Speir* v.

*Town of New Utrecht* (121 N. Y. 420, 429), from which case Judge CUDDEBACK, writing for the court, quoted as follows: " But the mere fact that a portion of the public travel over a road for twenty years cannot make it a highway; and the burden of making highways and sustaining bridges cannot be imposed upon the public in that way. There must be more. The user must be like that of highways generally. The road must not only be traveled upon, but it must be kept in repair or taken in charge and adopted by the public authorities."

And in the later case of *Johnson* v. *City of Niagara Falls* (230 N. Y. 77, 83) similar language was employed in reaching a like conclusion.

It is not claimed here that the user of Shipherd place was for any such period as twenty years, nor can it be said that there was an adoption of Shipherd place as a public highway by the public authorities. Such repairs as were said to have been made by the village, and which consisted solely of filling in a hole which was as much for the protection of the recognized Shipherd avenue as it was to take care of Shipherd place, and also the " honing " or scraping of Shipherd place, do not seem to me to amount to the dignity of an acceptance by the authorities of Shipherd place as a public highway. An intention by the village authorities to accept this strip as a public highway should not be presumed in the absence of formal action, and formal action there was none. The only formal action taken was upon the acceptance of the plaintiff's deed of dedication which adopted Huntington avenue as a public street, and that act refutes any theory of acceptance of Shipherd place as a highway. And even though some of the village officers knew that the street had been " honed " two or three times a year and that vehicles were in the habit of being driven thereon, that knowledge is not sufficient to constitute an acceptance of the street as a public highway. In *Lehigh & H. R. R. Co.* v. *Village of Warwick* (164 App. Div. 55) there was evidence of the use *by the village authorities* of a " mud scraper " upon the *locus in quo* which was sought to be claimed as a public highway. There was also evidence that the authorities know of the spreading of gravel upon the strip in question. It was held that these acts were insufficient to constitute an acceptance upon the part of the defendant village.

The only other evidence of action or inaction by the authorities of the village of Lynbrook and its predecessor, the town of Hempstead, is that neither the town nor the village assessed the strip called Shipherd place for local taxes, and that the plaintiff's land in Shipherd place appears on the assessment rolls as " Shipherd

place." The claim that the failure to assess the lands lying in the so-called street shows an acceptance of the street by the village, seems to me to be completely answered in *Johnson* v. *City of Niagara Falls* (*supra*, 85), where Judge CHASE, writing for the court, said: " It is also claimed that the streets as shown on said map were not included in the assessment for purposes of taxation and that the failure so to assess them shows that the streets were accepted by the city. The mere assessment by assessing officers of lands which they describe as being on a so-called street named by them is no evidence of a proper acceptance of such so-called street. * * * The mere omission of a municipality to assess land dedicated by the owner for a street is not alone sufficient evidence to sustain a finding of an acceptance by the municipal authorities of such land as a public street."

We had occasion to consider the subject of dedication and acceptance in the recent case of *Nichols Copper Co.* v. *Connolly* (208 App. Div. 667; affd., 240 N. Y. 596), and the exhaustive treatment of the proposition by Mr. Justice KELBY for this court leaves little for present discussion. As between the plaintiff and the defendant the strip in question is not and never was a public highway. The best the defendant can make out of the record, in my opinion, is that Somers, the former owner, in 1907, gave defendant a license, revocable at will, to go over a piece of Somers' land which he contemplated making a public highway at some time. This purpose of establishing the strip as a public highway was never carried out. Whether there are rights amongst lot owners who have purchased plaintiff's premises on the strength of any map or maps and the existence of any particular street shown thereon, we do not now decide. In so far as this record is concerned, no lots fronting on Shipherd place have ever been sold.

The judgment appealed from should be reversed upon the law and the facts, with costs, and judgment granted in favor of the plaintiff for the relief prayed for, with costs.

Findings and conclusions contrary hereto should be reversed, and new findings and an appropriate conclusion of law consistent herewith should be made.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff for the relief prayed for, with costs. Findings of fact and conclusions of law contrary hereto are reversed, and new findings and a conclusion of law consistent herewith are directed to be made. Settle order on notice.