■ JULIA GOLDRICH et al., on Behalf of Themselves and All Other Residents and Property Owners in the Town of Hempstead, County of Nassau, Similarly Situated, Appellants, v. FRANKLIN GARDENS CORP. et al., Respondents. — In an action to restrain use of a road as a public highway, the appeal is from a judgment dismissing the supplemental complaint on the merits after trial. Judgment affirmed, without costs. There was a dedication of the subject roadway in or about 1927. This dedication was never withdrawn and in 1946 the town board adopted a resolution entitled " Amended specifications and regulations for roads for acceptance into the town highway system ", which contained the following: " Town road system means all roads, streets, highways, lanes, or rights of way within the Town of Hempstead (outside of incorporated villages) maintained by the Town Highway Superintendent." Aside from the foregoing, there was ample testimony to prove that the town had exercised

control over and maintained the subject roadway for more than 20 years. At times during this period the town applied sand, stone and patches, cleared the drains and removed the snow and refuse. This constituted user by the town as prescribed by section 189 of the Highway Law. Nolan, P. J., Beldock, Murphy and Kleinfeld, JJ., concur. Wenzel, J., dissents and votes to reverse and to grant judgment in favor of appellants for the relief prayed for in the supplemental complaint, with the following memorandum: Surely, if there had been a dedication and acceptance, the town would so declare. The statement by the town attorney that " the Town does not wish to actively participate in endeavoring to bring about a determination ", while equivocal, is certainly not indicative of either a formal acceptance or a claim by the town of a tacit acceptance by maintenance and repair. If the town makes no claim for public usage, respondent Franklin Gardens Corp. has no private one. We have previously held that it had no easement (*Goldrich* v. *Franklin Gardens Corp.*, 282 App. Div. 698). Its right to use this road could stem only from a public right of user. This road was created to give access to the homes of the appellants and through the years has been used by them, their guests and those who did business with them. It led nowhere else; it is not, and never was, a highway or thoroughfare but is merely a cul-de-sac. I think it clear that this was and is a private road.