■ AXEL J. NOGARD, Appellant, v. CURT R. STRAND et al., Respondents.— Appeal from a judgment of the Supreme Court, entered December 9, 1970 in Washington County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint on the merits. This appeal presents the issue of whether there is sufficient evidence in the record to find the existence of a public highway. Running north off Camden Valley Road in the Town of Salem, Washington County, is a three-fourth mile stretch of highway known as Kaufman Road. From the early 1900's this road continued northerly past the house now owned by defendants to plaintiff's lands on the north (purchased by plaintiff in 1963), through a wooded and hilly area and connected with a road known as Fleming Road running southerly off Blind Buck Road. There is evidence that it was an ordinary dirt road, as were most of the rural roads at that time, traveled by all kinds of horse-drawn vehicles, by the public generally, by the mail carrier, the farmers, timbermen and by everybody who " had occasion to go from Upper or Lower Camden". Commencing in 1945 plaintiff and others drove on the road to hunt in the general area, and up until 1963 the road remained the same. In that year defendants planted a lawn over the road bed in front of their house and constructed a partial barricade. By 1965 a complete barricade was accomplished by means of a parking area, log barriers and stone walls. This action was brought for a judgment declaring that the road known as Kaufman Road was a public highway and enjoining defendants from interfering with same. On this appeal plaintiff relies on section 189 of the Highway Law, maintaining that defendants have blocked a public highway. Section 189 provides that " All lands which shall have been used by the public as a highway " for the requisite number of years "shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway". The courts have consistently held that in order to establish a public highway under this statute, "naked user by the public * * * is not enough". (*De Haan* v. *Broad Hollow Estates*, 3 A D 2d 848.) "The road * * * must also be kept in repair or taken in charge and so adopted by the public authorities." (*People* v. *Sutherland*, 252 N. Y. 86, 91; see, also, *Pirman* v. *Confer*, 273 N. Y. 357.) We find that the evidence in the instant case falls far short of establishing that the town maintained or assumed charge of the road involved. The instances of isolated snow plowing, the placing of a wood-box culvert under the road at the edge of defendants' property back in the 1930's, and of road machinery having been seen on the road just beyond defendants' house, hardly satisfy the requirement of assumption of control or continuance of maintenance and repair. Moreover, a former town highway crewman testified that any work done on Kaufman Road was from the Camden Valley Road to a point just south of defendants' house. Testimony of others, including a town highway employee since 1948 and Town Superintendent of Highways since 1955, testified to the same effect. Upon this record we conclude that there was insufficient proof of the establishment of a public highway across defendants' lands beyond the house and parking area. (See *La France* v. *Town of Altamont*, 277 App. Div. 917.) Judgment affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.