■ JAMES E. GARDNER et al., Respondents, v PEGGY A. SUDDABY et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered June 6, 1978 in St. Lawrence County, upon a decision of the court at a Trial Term, without a jury. Plaintiffs and their predecessors in title gained vehicular access to their Cranberry Lake property in St. Lawrence County by means of a dirt road which traversed the lands of others before terminating on their premises. Such use continued even after a paved town highway was constructed in 1954 which bordered their parcel. However, passage was interrupted in 1976 when the defendant Peggy A. Suddaby caused ditches to be dug across portions of the dirt road which passed over her nearby premises and plaintiffs thereupon commenced the present action for an injunction and a declaration of their rights. After hearing the proofs without a jury, the trial court determined that the road in question was a public highway and awarded relief to plaintiffs. Our view of the record on this appeal by Mrs. Suddaby persuades us that the dirt road was not adequately shown to have become a public way by user, but we conclude, nevertheless, that the facts adduced by plaintiffs did establish their entitlement to a prescriptive easement. Characterization of the subject road as being an old town road was not grounded on evidence that it had been laid out or dedicated for highway purposes, but rested instead on indications of its long usage by adjoining property owners and members of the general public (see Highway Law, § 189). Mere public use, however, is not enough, for it must also be demonstrated that the roadway was kept in repair or taken in charge by public authorities *(Diamond Int. Corp. v Little Kildare, Inc.* 22 NY2d 819). In this case the only testimony in that regard was to the effect that town vehicles were observed on the road sometime prior to 1945. No definite explanation for their presence was given and it would be purely speculative to assume that such vague incidents repre-

sented acts of dominion by a municipality. Accordingly, we hold that the record does not support the trial court's finding that the disputed road had become a public town highway (compare *Impastato v Village of Catskill,* 55 AD2d 714, affd 43 NY2d 888, with *Nogard v Strand,* 38 AD2d 871). Turning to the question of whether plaintiffs had any private right to enjoy the dirt road, we observe initially that, since their use was continuous, open and notorious, it raised a presumption of hostility *(Weinberg v Shafler,* 68 AD2d 944; *Village of Schoharie v Coons,* 34 AD2d 701, affd 28 NY2d 568). The presumption was not dispelled by the fact that adjoining owners and the public generally also made some use of the dirt road (cf. *Pirman v Gonfer,* 273 NY 357, 363), because the surrounding circumstances make it plain that plaintiffs exercised a separate use of the road adverse to that of the owners over whose lands it passed. It was uncontradicted that plaintiffs made annual repairs along the roadbed wherever they were required and frequently limbed trees and brush which impeded their passage. In fact, as to the appealing defendant Suddaby, it was conceded that plaintiffs had performed work to drain water from part of the road located on her property. We are further impressed that plaintiffs persisted in keeping this dead end road in repair at times subsequent to 1954, inasmuch as completion of the town highway in that year necessarily diminished somewhat the importance and utility of the dirt road to others. Consequently, we find that plaintiffs established the requisite elements of a prescriptive easement of way along the defined dirt road as it proceeds from the town highway to their premises. The present judgment accords them full relief and, therefore, it should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.