■ In the Matter of LAWRENCE S. HILLELSON, Appellant, v BRADLEY GROVER, as Town Superintendent of Highways of the Town of Northampton, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Harvey, J.), entered August 24, 1983 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct the Town Superintendent of Highways of the Town of Northampton to maintain a certain street as a town highway.

Petitioner resides on a street known variously as Roosevelt Drive or Roosevelt Terrace which is located in an area called Sacandaga Park in the Town of Northampton (town), Fulton County. Sacandaga Park is a subdivision within the town originally owned by the Fonda, Johnstown and Gloversville Railroad. When the railroad was forced into bankruptcy in 1938, many of the parcels of property making up the subdivision devolved into private ownership. While the town assumed the responsibility for collecting garbage and operating the street lights within the subdivision, no road paving, sidewalk construction or repair, snowplowing or other maintenance work was undertaken by the town from 1938 to date. The sewer plant and sewer lines were taken over by a private corporation.

Petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to direct the Town Superintendent of Highways to properly maintain Roosevelt Drive by providing adequate snowplowing. Central to petitioner's contention that the street where he resides is a town road is his allegation that certain maps of Sacandaga Park, particularly a town tax map approved by the Town Board of Northampton, has been filed and recorded in the Fulton County Clerk's office. Special Term dismissed the petition and this appeal by petitioner ensued.

A highway or street located within the geographical limits of a town may become a town highway or street either by dedication or use. Subdivision 1 of section 171 of the Highway Law provides that, "Whenever land is dedicated to a town for highway purposes therein, the town superintendent may with the consent of the town board * * * make an order laying out such highway, upon filing and recording in the town clerk's office with such order a release of the land from the owner thereof." No such procedure was ever followed in connection with any of the abandoned streets in Sacandaga Park. The filing of surveyor's maps or tax maps in the County Clerk's office is no substitute for the formal requirements set out in section 171 of the Highway Law. Further, there has been no official act by the Town Board which could be rationally construed as an intent by the Board to adopt the subject street as a public highway (see *Matter of Hunter,* 163 NY 542).

We also conclude that Roosevelt Drive has not become a town highway by use. Section 189 of the Highway Law provides that "[a]ll lands which shall have been used by the public as a highway for the period of ten years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway". Mere public use, however, is not enough to establish a public town highway; it must also be demonstrated that the roadway was kept in repair or taken in charge by public authorities (*Gardner v Suddaby,* 70 AD2d 990, app dsmd 48 NY2d 706, mot for lv to app den 49 NY2d 702). Since petitioner alleged in his petition that respondent has "willfully neglected" Roosevelt Drive, he cannot now be heard to claim the subject street became a town highway by "use".

Lastly, while the issue of whether roads in old developments have become town highways by public use is a question of fact not dependent on a resolution of the Town Board or acceptance by the Superintendent of Highways, a remittal would be wasteful of judicial time since the record clearly supports respondent's position that Roosevelt Drive was never dedicated as a town highway (see Highway Law, § 171), nor did it become such by public use over a period of 10 years (see Highway Law, § 189).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.