■ In the Matter of GILBERT DI LUCIA et al., Appellants, v TOWN BOARD OF TOWN OF WESTFORD et al., Respondents.— Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered April 5, 1989 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to accept dedication of petitioners' private roads.

In 1986, petitioner Gilbert Di Lucia purchased approximately 290 acres of vacant land in the Town of Westford, Otsego County, and created the Cooper Hills Estates housing development. Before constructing roads within the development, Cooper Hills Estates' construction supervisor solicited and obtained from the Town Highway Superintendent the latter's opinion that as long as appropriate turning circles were provided, no problem plowing snow on the contemplated roads was anticipated. Petitioners then constructed the four roads in the development.

Pursuant to regulations promulgated by the town's Planning Board in 1987, the Planning Board considered petitioners' subdivision plat. Thereafter, Di Lucia made two formal requests of respondent Town Board to have it accept dedication of the roads, but the Town Board refused to entertain either application until the Planning Board approved the subdivision. Seven months later, in March 1988, the Town Board adopted a resolution reciting the standards to be met before it would undertake to maintain roads in future developments. On August 15, 1988, the Planning Board conditionally approved petitioners' subdivision; petitioners thereafter installed a dry hydrant and constructed a "T" turn on one of the roads as the Planning Board had requested. Though aware of the Planning Board's approval, the Town Board adopted a resolution declaring that the Town Board's policy at the present time was not to take over any new roads. The Town Board's refusal to accept petitioners' offer of dedication prompted petitioners to institute this proceeding to compel the town to do so. Supreme Court found no support for petitioners' contention that the town implicitly accepted the dedication and dismissed the petition; we affirm.

Cognizant that a town cannot be compelled to accept a private road *(see generally, Matter of Hillelson v Grover,* 105 AD2d 484, 485; *Carman v Hewitt,* 105 NYS2d 239, 243-244, *mod on other grounds* 280 App Div 866, *affd* 305 NY 718), petitioners' primary contention on appeal is that because they expended time and money to comply with the Planning Board's recommendations and because the Town Highway Superintendent implied that the dedication would be accepted, the Town Board should be estopped from arbitrarily denying their offer. Neither a town superintendent nor a planning board may bind a municipality to accept a proffered dedication absent the town board's consent *(see,* Highway Law § 171; *Entress v Sours,* 272 App Div 861; *Koff v Frank,* 22 Misc 2d 551, 555). And, in any event, estoppel is generally unavailable against municipalities and their agencies *(see, King v City of Newburgh,* 84 AD2d 388, 394-395; *see also, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94; *Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954).

Nor do we find the Town Board's refusal to accept petitioners' roads to be arbitrary or capricious. The uncontroverted record evidence is that the town has not accepted any roads in the last 30 years. Moreover, petitioners have failed to demonstrate that the Town Board's action lacks a sound basis in

reason. Although petitioners suggest, for the first time in their brief, that the Town Board's failure to explain its decision renders it arbitrary, issues not raised in Supreme Court may not be raised for the first time on appeal (10 Carmody-Wait 2d, NY Prac § 70:300, at 564; *see, e.g., Matter of Desmond v Jones,* 87 AD2d 902).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.