■ In the Matter of RAYMOND JEMZURA et al., Appellants, v CHARLES MUSSISION, as Superintendent of the Town of Lebanon, et al., Respondents.—Weiss, J. P. Appeals (1) from a judgment of the Supreme Court (Tait, Jr., J.), entered August 16, 1988 in Madison County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request, inter alia, that respondents cease the maintenance of a certain roadway located in the Town of Lebanon, and (2) from a judgment of said court, entered July 27, 1988 in Madison County, which denied petitioners' motion to set aside its prior decision.

The clearly defined issue in this appeal is whether the evidence adduced at the bench trial was sufficient to support the decision that Brian Road in the Town of Lebanon, Madison County, is a town highway.

The facts are not complicated. Petitioners commenced this CPLR article 78 proceeding against respondents, the Highway Superintendent and Supervisor of the Town of New Lebanon, for a judgment directing them to cease maintaining, improving and snowplowing what is alleged to be the private driveway of Frank Musician, and to recoup the cost allegedly expended by the town for such upkeep. In their answer, respondents denied that the roadway was a private driveway or that respondents engaged in any illegal activity. Further, respondents asserted that the subject roadway was and had been a public road for more than 50 years and that it had been continuously maintained, repaired, ditched and plowed.

The evidence at trial established that Brian Road is a dead-end road of approximately .08 mile running westerly off Mussision Road and that Frank and Mirial Musician, who own the land on each side thereof, have resided at its end for 62 years, during which time the town has maintained, plowed and on one occasion blacktopped the road. In dismissing the petition, Supreme Court held that the trial evidence established that Brian Road had been used by the public for more than 10 years and that it had thus become a highway by virtue of such use, pursuant to Highway Law § 189. Supreme Court subsequently denied petitioners' motion to set the verdict aside and entered judgment. Petitioners have appealed from both judgments. We affirm.

Respondents' evidence, which essentially was neither controverted nor contradicted, demonstrated that Brian Road had been plowed by the town dating back to the 1930's, that it had been otherwise maintained by the town for more than 10 years and that travel thereon had not been restricted in any manner. Petitioners' principal contention was that the road is not a "through" road and that the Musicians were the only residents living on it. However, Highway Law § 189 provides that all lands used by the public as a highway for 10 years or more become a highway with the same force and effect as if duly laid out and recorded as a highway. The courts of this State have held that the finding of public use must be enhanced by evidence that the municipality has exercised control over, maintained and repaired the roadway (see, *Diamond Intl. Corp. v Little Kildare, Inc.*, 22 NY2d 819, 821; *Matter of Hillelson v Grover*, 105 AD2d 484, 485; *Gardner v Suddaby*, 70 AD2d 990, *appeal dismissed* 48 NY2d 706, *lv denied* 49 NY2d 702; *Goldrich v Franklin Gardens Corp.*, 2 AD2d 752, 753, *affd* 2 NY2d 906). We find that the trial evidence fully supports the decision and, accordingly, affirm.

Judgments affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.