■ In the Matter of GILBERT DI LUCIA et al., Appellants, v TOWN BOARD OF TOWN OF WESTFORD et al., Respondents. [664 NYS2d 898] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered October 7, 1996 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to accept dedication of petitioners' private road.

In 1986, petitioner Gilbert Di Lucia purchased approximately 290 acres of land in the Town of Westford, Otsego County, subdivided the property and created petitioner Cooper Hills Estates, Inc., a residential development. Four roads, including Gates Road, were constructed within the development.* Following a presentation by petitioners' counsel regarding Gates Road at a meeting of respondent Town Board of the Town of Westford held on March 1, 1996, petitioners requested an immediate vote by the Town Board to take over Gates Road. The Town Board voted unanimously not to take over the road, explaining that the matter "had been thoroughly discussed at prior Town Board meetings and that there was nothing more to add". Petitioners commenced this CPLR article 78 proceeding alleging that no rational basis exists for the Town Board's action. Supreme Court, finding that the Town Board had ample reason to refuse to take over Gates Road, dismissed the petition. Petitioners appeal, contending that the Town Board's determination was arbitrary and capricious and that no reason was set forth for its refusal to accept Gates Road.

By letter dated May 3, 1992, the Town Board approved the takeover of the roads within Cooper Hills Estate, to be done "piecemeal as the roads meet [the Town Board's] criteria". Since that time, two roads within Cooper Hills Estates have

---

* The denial of petitioners' requests that respondent Town Board of the Town of Westford accept dedication of the roads in the development was the subject of a previous appeal before this Court (*see, Matter of Di Lucia v Town Bd.,* 160 AD2d 1152, *lv denied* 76 NY2d 706, *cert denied* 498 US 1120).

been accepted by the Town Board. A review of the prior Town Board minutes reveals that on December 1, 1995 the Town Board stated that Gates Road did not contain the requisite number of occupied homes per mile. The record also establishes that the subject of Gates Road had been discussed at several other Town Board meetings prior to the Town Board's refusal to accept the road, and that Board members had legitimate concerns regarding the advisability of accepting it. By petitioners' own admission in the petition, Gates Road does not meet all the requirements of the Town Board's resolution concerning acceptance of new roads. Consequently, the action of the Town Board in rejecting the dedication of Gates Road cannot be said to be arbitrary and capricious. Moreover, a municipality cannot be compelled to accept a private road (*see, Matter of Di Lucia v Town Bd.*, 160 AD2d 1152, 1153, *lv denied* 76 NY2d 706, *cert denied* 498 US 1120, *supra*). Under these circumstances, we conclude that Supreme Court properly upheld the Town Board's determination.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.