Peter Case Graham Informal Opinion Town Attorney No. 2006-8 Town of Olive 479 Washington Avenue Kingston, New York 12401
Dear Mr. Graham:
You have requested an opinion regarding whether the Town is authorized to set the speed limit on the portion of Route 28A that runs through the Town. We understand that Route 28A runs along the southern edge of the Ashokan Reservoir and was built pursuant to the special legislation described below ("the Water Supply Laws"). As explained below, we are of the opinion that the authority to regulate speed on the portion of Route 28A that runs through the Town does not reside with the Town.
Statutory Background
In 1905, the Legislature granted to New York City the power to exercise eminent domain in areas outside the City to establish a water supply for the City. Act of June 3, 1905, ch. 724,1905 N.Y. Laws 2027. Concomitant with this power, the City was given the responsibility of building and maintaining highways made necessary by the construction of reservoirs built pursuant to this statutory authority. Id. § 35 ("The city of New York is hereby required to build and construct such highways and bridges as may be made necessary by the construction of any reservoir under this act, and to repair and forever maintain such additional highway [sic] bridges. . . .").[1]
This provision of the Water Supply Laws was subsequently codified by the Legislature in the New York City Administrative Code. Act of Dec. 30, 1937, ch. 929, 1937 N.Y. Laws (Extraord. Sess.) 1, 1523. The Legislature also reserved to itself "[a]ll rights and powers to amend, modify, extend or supersede any provision or provisions of title K of chapter forty-one ["Water Supply"] . . . and any other provision or provisions of this code relating to any lands now or hereafter acquired outside the corporate limits of the city for water supply purposes, including highways, bridges and sewers." Id. at 1533. Recodified by the Legislature since then, see Act of Aug. 2, 1985, ch. 907,1985 N.Y. Laws 3737, 3738, 5214, these provisions are now located at sections 1-111 and 24-356(a) of the New York City Administrative Code.
Analysis
You have suggested that the Town may be authorized to initiate speed limit changes on the portion of Route 28A that runs through the Town pursuant to Vehicle and Traffic Law § 1622. Section 1622 provides that
 [t]he [State D]epartment of [T]ransportation upon the request of . . . the town board of the town or towns affected with respect to . . . town highways in such town or towns outside of cities or villages, may by order, rule or regulation:
 1. Establish maximum speed limits at which vehicles may proceed on or along such highways higher or lower than the fifty-five miles per hour statutory maximum speed limit.
We believe that section 1622 does not provide the necessary authority for the Town to initiate speed limit changes because by its plain language it applies to town highways, and, as explained below, we believe Route 28A is more properly viewed as a City highway than a town highway.
Pursuant to the Water Supply Laws, the City has been charged with building and maintaining Route 28A. Had the highway been built and maintained by the Town, it would be classified under state law as a town highway. See Highway Law § 3(5); cf.
Highway Law § 189 (town highway established by use); Matter ofHillelson v. Grover, 105 A.D.2d 484, 485 (3d Dep't 1984) (highway must be maintained by town authorities to become town highway by use). Moreover, the Legislature considers Route 28A a City, rather than a town, highway. In designating state highways, the Legislature has used as a reference point a "city of New York road on the south side of the Ashokan reservoir," Highway Law § 341(53)(1), referring to Route 28A.
Our conclusion that Route 28A, as a highway built pursuant to the Water Supply Laws, is a City, rather than a town, highway accords with the position taken in the past by officials associated with the communities surrounding reservoirs built pursuant to the Water Supply Laws. In supporting legislation requiring the City to remove snow from and to sand highways built pursuant to the Water Supply Laws, these officials took the position that the highways are City highways. See, e.g.,
Letter from Gleason B. Speenburgh, attorney for the town of Middletown, to Robert MacCrate, Counsel to the Governor (March 29, 1960), reprinted in Bill Jacket for ch. 944 (1960), at 4 ("After study of the pertinent [s]tatutes I am of the opinion that such substituted highway is not a Town Highway."); Letter from Wallace M. Wynkoop, Supervisor for the town of Colchester,id. at 7 ("this road and those connecting in adjacent townships . . . are not a part of the State, County, or Town Highway Systems"); Letter from Edwyn E. Mason, Assemblyman for Delaware Co., to Robert MacCrate, Counsel to the Governor (March 30, 1960), id. at 19 ("Now these substitute highways are actually New York City highways. They do not belong to the town, county or state."); Memorandum from Kenneth L. Wilson, Assemblyman, Ulster Co. (April 25, 1960), reprinted in id. at 22 ("For the protection of the public, adequate provision should be made in the law for the [C]ity to maintain [its] own roads.").
The Water Supply Laws provide for the regulation of the use of highways built pursuant to those laws. See Act of Apr. 20, 1914, ch. 478, § 1, 1914 N.Y. Laws 1966, 1967, codified asamended at 24 N.Y.C. Admin. Code § 24-356(b). Therefore, our conclusion that the Town is not authorized to initiate changes to the speed limit on the portion of Route 28A that traverses the Town does not result in a regulatory void.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] In 1928, the act was amended to clarify that the City's maintenance responsibility extended to "highways and bridges" made necessary by the construction of any reservoir authorized by the act. Act of Mar. 23, 1928, ch. 525, § 5, 1928 N.Y. Laws 1144, 1148 (emphasis added).