■ WILLIAM DUKE et al., Respondents, v TOWN OF RIVERHEAD, Appellant, et al., Defendant. [910 NYS2d 448]—

In an action pursuant to RPAPL article 15 to declare that the

plaintiffs are the owners of certain real property by adverse possession, the defendant Town of Riverhead appeals from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.H.O.), dated December 2, 2009, as, upon a decision of the same court dated August 11, 2009, made after a nonjury trial, is in favor of the plaintiffs and against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs established ownership of the disputed property by satisfying the elements of adverse possession (*see Gourdine v Village of Ossining*, 72 AD3d 643 [2010]; *Zeltser v Sacerdote*, 52 AD3d 824, 825 [2008]). The evidence submitted by the defendant Town of Riverhead failed to show that the disputed property was a town highway either by dedication (*see* Highway Law § 171 [1]; *Matter of City of New York*, 239 NY 119, 127-128 [1924]; *City of Cohoes v Delaware & Hudson Canal Co.*, 134 NY 397, 402 [1892]; *Lynbrook Homes, Inc. v Frey*, 217 App Div 164, 169-170 [1926]), or by prescription (*see* Highway Law § 189; *Gardner v Suddaby*, 70 AD2d 990, 990-991 [1979]; *Nogard v Strand*, 38 AD2d 871 [1972]).

Any error the Supreme Court may have committed in refusing to admit into evidence a 1940 copy of a 1930 map or in refusing to take judicial notice of the Riverhead Town Code pursuant to CPLR 4511 (a) was harmless, as there is no indication that the evidence would have had a substantial influence on the result of the trial (*see* CPLR 2002; *Parlante v Cavallero*, 73 AD3d 1001 [2010]; *Division Seven, Inc. v HP Bldrs. Corp.*, 58 AD3d 796 [2009]; *Milone v Milone*, 266 AD2d 363 [1999]). Angiolillo, J.P., Eng, Belen and Sgroi, JJ., concur.

Motion by the respondents to strike point I of the appellant's reply brief on an appeal from a judgment of the Supreme Court, Suffolk County, dated December 2, 2009, on the ground that it improperly raises new issues. By decision and order on motion of this Court dated April 5, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that the issues raised for the first time on appeal, namely the Town of Riverhead's contentions concerning the Supreme Court's admission into evidence of an 1878 map only for the purpose of depict-

ing street locations, are stricken from point I of the reply brief and have not been considered in the determination of the appeal, and the motion is otherwise denied. Angiolillo, J.P., Eng, Belen and Sgroi, JJ., concur.