■ In the Matter of IRVING BERK, Deceased. JOEL BERK et al., Appellants; HUA WANG, Also Known as JUDY WANG, Respondent. [20 NYS3d 559]—

In a probate proceeding in which Hua Wang, also known as Judy Wang, petitioned pursuant to SCPA 1421, inter alia, to determine the validity and effect of an election pursuant to EPTL 5-1.1-A asserted by her against the estate of the decedent Irving Berk, the co-executors of the decedent's estate, Joel Berk and Harvey Berk, appeal, by permission, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated May 20, 2015, as failed to adopt portions of their proposed statement of the issues to be determined and ruled that they would have the burden of proof, by clear and convincing evidence, at a hearing to determine whether the petitioner forfeited the statutory right of election.

Ordered that the order is modified, on the law, by (1) adding the following issue of fact to be determined as an alternative ground for forfeiture of the right of election: "3. Did the petitioner exercise undue influence upon the decedent to induce him to marry her for the purpose of obtaining pecuniary benefits that become available by virtue of being that person's spouse, at the expense of the intended beneficiaries?," and (2) deleting the provision thereof placing the burden of proof upon the appellants by clear and convincing evidence, and substituting therefor a provision placing the burden of proof upon the appellants by a preponderance of the credible evidence; as so

modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Kings County, for further proceedings consistent herewith.

This is a proceeding in which the petitioner, Hua Wang, also known as Judy Wang, the wife of the decedent at the time of his death, petitioned to determine the validity of her election against his will. In their answer, the appellants asserted as an affirmative defense that the decedent was incompetent to enter into a marriage, that the petitioner knew he was incapable of entering into a marriage, and that the petitioner exercised undue influence over the decedent to convince him to marry her.

On a prior appeal, this Court reversed an order awarding the petitioner summary judgment, on the ground that there was an issue of fact as to whether she forfeited her statutory right of election by her alleged wrongdoing, that is, by marrying the decedent allegedly knowing that he was a mentally incapacitated person incapable of consenting to a marriage, for the purpose of obtaining pecuniary benefits that became available by virtue of being that person's spouse, at the expense of the decedent's intended beneficiaries (*see Matter of Berk*, 71 AD3d 883, 884, 885 [2010], citing *Campbell v Thomas*, 73 AD3d 103 [2010]). This Court further ruled that the appellants' counterclaims alleging, inter alia, undue influence were improperly dismissed.

On remittitur to the Surrogate's Court, Kings County, the parties submitted proposed statements of the issues to be determined at the hearing of the matter, as well as proposals concerning the burden and standard of proof on such issues. In the order appealed from, the Surrogate's Court ruled that the issues to be determined at the hearing were (1) "Did petitioner know decedent was mentally incapacitated and incapable of consenting to the marriage?" and (2) "If so, did petitioner take unfair advantage of decedent by marrying him for the purpose of obtaining pecuniary benefits that become available by virtue of being that person's spouse, at the expense of the intended beneficiaries?" The Surrogate's Court further ruled that "[t]he burden of demonstrating the above is upon the [appellants] by clear and convincing evidence." While we agree that the burden rests on the appellants, we disagree that the standard of proof is clear and convincing evidence.

The forfeiture of the right of election under such circumstances is based upon the equitable doctrine that the petitioner should not profit from her wrongful conduct (*see Riggs v Palmer*,

115 NY 506 [1889]; *Matter of Edwards*, 121 AD3d 336, 339 [2014]). Where a claim of wrongful conduct is made, the parties claiming wrongdoing—in this case the appellants—bear the burden of proving the wrongdoing by a preponderance of the credible evidence (*see Matter of Pikul*, 192 AD2d 259, 262 [1993]; *Matter of Bach*, 53 AD2d 612 [1976]). Evidence of a confidential relationship between the petitioner and the decedent, who were married (*see Matter of Harold*, 112 AD3d 929, 931 [2013]; *Palazzo v Palazzo*, 121 AD2d 261 [1986]), in and of itself, is not proof of the petitioner's wrongdoing, and does not shift the burden of proof to the petitioner.

An alternative ground for forfeiture of the right of election is whether the petitioner, as the decedent's caretaker, exercised undue influence upon the decedent to induce him to marry her for the purpose of obtaining pecuniary benefits that become available by virtue of being that person's spouse, at the expense of the intended beneficiaries (*see Campbell v Thomas*, 73 AD3d at 118). Again, the burden of proof on this issue should be placed upon the appellants by a preponderance of the credible evidence (*see Matter of Henig*, 11 AD3d 614, 615 [2004]; *Matter of Pikul*, 192 AD2d at 262; *Matter of Bach*, 53 AD2d at 612).

The parties' remaining contentions are without merit. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.