■ In the Matter of GEORGE BAYER, Appellant, against EARL B. PUGSLEY, as Inspector of Buildings of the Town of Irondequoit, Respondent.— Order affirmed, without costs of this appeal to either party. All concur, Kimball, J., not participating. (Appeal from an order of Monroe Special Term denying an application of petitioner and dismissing the proceeding.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ. [13 Misc 2d 610.]

■ BO PRODUCTS CORPORATION, Respondent, v. LATTA BROOK CORPORATION, Appellant. LATTA BROOK CORPORATION, Appellant, v. BO PRODUCTS CORPORATION, Respondent.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term for plaintiff Bo Products Corporation in an action for royalties under contract and for damages for breach of contract. The order was the order entered in the minutes granting right to Bo Products Corporation to amend its complaint.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of JOSEPH STEFANO, Claimant, against C. P. WARD et al., Appellants. WILLIAM A. SPECHT et al., Respondents.— Orders affirmed, without costs of these appeals to any party. Memorandum: In this proceeding the appellant attempted to explore before a hearing referee of the board whether a judgment obtained by an injured workman in a third-party action was the product of an agreement of compromise or settlement. This it had the right to do (cf. *Matter of Minnitti* v. *Fleet Messenger Service*, 4 A D 2d 916). Upon the hearing the appellant asked two questions of the attorney for the defendant in the third-party action which the latter refused to answer on the claimed ground of privilege based upon the relationship between the witness and his client. The attorney for the plaintiff was then sworn and asked if he had any conversations with defendant's counsel in regard to the settlement of the third-party action. There was a similar refusal to answer this question. Thus, the record presented to us in substance consists of three or four questions put to respective counsel in the third-party action. The latter claim the questions were immaterial. The appellant contends the witnesses should be punished for their contempt in refusing to answer. In our opinion there has been a failure to adequately present the matter before the referee so that it may be intelligently reviewed. Appellant should not limit its questioning to two or three inquiries of doubtful relevancy. There should be a specific line of inquiry by a series of questions to which responsive answers would disclose whether the judgment was the result of independent evaluation of the plaintiff's claim by the trial court or the result of a compromise settlement. If there is a continuing refusal a proper foundation has been laid for further action. Lastly, we note that the proceeding should have been instituted pursuant to the provisions of section 406 and not section 405 of the Civil Practice Act. The latter section relates to failure to obey a subpœna whereas section 406 provides for coercive relief for failure to answer a legal or pertinent question (cf. *Matter of Delehanty* [*Sullivan*], 202 Misc. 33, affd. 280 App. Div. 542, affd. 304 N. Y. 725). All concur. (Appeals from two orders of Monroe Special Term denying a motion to punish William A. Specht and William V. Gough for contempt for failure to answer questions in workmen's compensation proceeding.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.