■ In the Matter of DOMINICK FUSARO et al., Respondents, v. ROBERT D. D'ANGELO, as Commissioner of Public Works and Superintendent of Highways of the Town of Greenburgh, et al., Appellants. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 6, TOWN OF GREENBURGH, Intervenor-Appellant.— In a proceeding pursuant to article 78 of the CPLR to compel the appellant Commissioner to execute a certificate of abandonment of a designated unimproved portion of land known as " Tamarack Trail ", pursuant to section 205 of the Highway Law, and for related relief, the appeals are from a judgment of the Supreme Court, Westchester County, dated July 21, 1972, which granted the petition. Judgment reversed, on the law, with a single bill of $10 costs and disbursements to the appellant Commissioner and Town Board against petitioners, and proceeding dismissed on the merits. In our opinion, the deed in question which dedicated Tamarack Trail to the Town of Greenburgh "for highway purposes, and not otherwise," gave the town the fee of the roadbed and not merely an easement (see *Vail* v. *Long Is. R. R. Co.*, 106 N. Y. 283, 286–287). Since the town has the fee of the

roadbed, section 205 of the Highway Law does not apply (see *New York Cent. & Hudson Riv. R. R. Co.* v. *City of Buffalo*, 200 N. Y. 113, 119–120). The present proceeding, which seeks to compel execution of a certificate of abandonment, together with related relief, should therefore be dismissed on the merits. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.