■ TOWN OF CLARKSTOWN, Respondent, v SHIRLEY BRENT, Appellant.— In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to determine title to real property, the defendant appeals from (1) an order of the Supreme Court, Rockland County, entered October 21, 1976, which granted plaintiff's motion for summary judgment and denied defendant's motion, *inter alia,* for dismissal of the complaint and (2) a judgment of the same court, entered thereon, dated December 20, 1976. Order and judgment affirmed, with one bill of $50 costs and disbursements. Although appellant did not brief the question, she did, on the argument of this appeal, raise the issue of the applicability of section 205 of the Highway Law, which deals with the effect of the abandonment of highways, to the land in question. She contended that under it the plaintiff town had lost its claim to the land. But by its deed dated March 31, 1971 Lochaven Estates Development Co. conveyed to the town the fee to the strip in question. Hence, under *Matter of Fusaro v D'Angelo* (41 AD2d 567), "Since the town has the fee" to the strip, and not just an easement over it, section 205 of the Highway Law is inapplicable. Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.

■ 1273 SERVICE CORP., Appellant, v NATIONAL SECURITY FIRE & CASU-ALTY COMPANY, Respondent.—In an action on a fire insurance policy, plaintiff appeals (1) from an order of the Supreme Court, Kings County, dated April 28, 1977, which denied, with leave to renew, the motion of its attorneys to impose a charging lien upon the proceeds of the insurance policy which had been paid into court pursuant to an order dated March 29, 1977, and (2) as limited by its brief, from so much of a further order of the same court, dated July 6, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated April 28, 1977, dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated July 6, 1977 affirmed insofar as appealed from, without costs or disbursements. By order dated March 29, 1977, the Trial Term granted defendant's cross motion pursuant to CPLR 1006 (subd [b]) ("Defensive interpleader") and ordered defendant discharged from liability upon payment of $13,500 to the clerk of the court. No appeal was taken from that order. The motion for defensive interpleader was granted notwithstanding the fact that defendant failed to serve Republic Elevator Co. with a summons and interpleader complaint as required by CPLR 1006 (subd [b]). Under the circumstances, the court properly denied the motion for the imposition of an attorney's charging lien upon the insurance proceeds. There is a party in interest, Republic Elevator Co., which is not currently before the court and which cannot effectively assert its right to the fund on this motion. Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.