■ KENNETH R. MARTIN et al., Appellants, v COUNTY OF DELAWARE et al., Respondents.—Appeals from judgments of the County Court of Delaware County, entered January 6, 1977, upon a decision of the court at a Trial Term, without a jury, in favor of defendants. At issue on this appeal is the nature of a 1914 transaction by which an interest in certain real property was granted to the County of Delaware "for purposes of right of way and construction" of a highway ultimately known as State Route 23. In their action under article 15 of the Real Property Actions and Proceedings Law, plaintiffs contended the subject document created an easement that enabled its grantor to pass title to the premises to them following the subsequent abandonment of that highway use, whereas defendants maintained the conveyance transferred an estate in fee simple to the county that remained unaffected by later events thereby vesting title in them according to the terms of their respective deeds from the county. The claim was tried and determined in defendants' favor. We agree with the conclusion of the trial court that the fee of the disputed property was in the County of Delaware and affirm its judgment. The instrument in question was, in form, a quitclaim deed which is generally effective to convey all the title its grantor possesses. Unlike the situation presented in *Bradley v Crane* (201 NY 14), the county had no prior interest in the property and the lands involved were specifically described by reference to a map. In addition, the instant conveyance contained no express limitation in the wording of the grant or in the habendum clause. Even when an instrument reflects a dedication "for highway purposes, *and not otherwise"* (emphasis supplied), the use of such language will not suffice to transform the conveyance of a fee into the grant of an easement *(Matter of Fusaro v D'Angelo,* 41 AD2d 567). Lastly, it should be observed that the deed under review recited a consideration of $600, a substantial sum at the time, and it hardly seems likely that the grantor would be expected to surrender anything other than his entire estate in exchange for that amount of money. None of the surrounding circumstances developed at the trial persuade us that what appears on its face to be the transference of a fee was, in reality, intended to be the grant of something less. Judgments affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.