■ PATRICK BISTRIAN, JR., Respondent, v BARRY BISTRIAN et

al., Appellants.—In an action to determine adverse claims to real property pursuant to RPAPL article 15, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered August 23, 1989, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment is granted, and the complaint is dismissed.

In support of the defendants' motion for summary judgment, the defendant Peter Bistrian submitted evidence in admissible form which established that in August of 1969 he acquired title to certain property located in the Village of Southampton. He averred that he never "conveyed or granted any of [his] interest" in the subject property, and that he "never signed or delivered any instrument of conveyance" to the plaintiff. In light of these sworn statements, which were fully supported by numerous documents, the burden was shifted to the plaintiff, as the party resisting the defendants' motion for summary judgment, to produce evidence showing the existence of a triable issue of fact. This the plaintiff failed to do.

The plaintiff's essential claim is that he became the owner of a 25% interest in the subject property by virtue of an "agreement" dated September 11, 1969. According to this agreement, the plaintiff was supposed to enter into a joint venture with the two defendants. As part of this "agreement", the three parties would share ownership in the subject property, upon which the business of their joint venture was to be conducted, and the plaintiff would have a 25% interest in that property. There is no proof that plaintiff ever participated in the joint venture which was contemplated in the 1969 agreement.

This document cannot reasonably be considered as an instrument intended to convey an interest in real property. The "agreement" contains no recitation of consideration, and it contains no words which could be construed as a manifestation of an intent to have the agreement serve as the vehicle for the conveyance of title. Also, the parties expressly described the agreement as an "interim" one, and they expressly stated that it was their "intention to enter into a more formal partnership or corporate arrangement for the * * * ownership of [the subject] property". A more formal agreement was

never made. Under these circumstances, the interim agreement between the parties was "obviously not intended as a muniment of title" *(Cohen v Cohen,* 188 App Div 933; 43 NY Jur 2d, Deeds, § 18).

Since the plaintiff failed to demonstrate the existence of any issue of fact requiring a trial with respect to the defendants' ownership of the subject property, summary judgment should have been granted to the defendants. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.