■ COUNTY OF ROCKLAND, Appellant, v EKLECCO, Formerly Known as PYRAMID COMPANY OF ROCKLAND, Respondent. [769 NYS2d 298]—

In an action pursuant to RPAPL article 15, the plaintiff appeals from so much of a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 6, 2002, as denied its motion for summary judgment, granted the defendant's cross motion for summary judgment dismissing the first through fourth causes of action, and determined that it has no interest in the subject real property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This dispute concerns the ownership of Old Route 59A. This roadway apparently was originally a dirt path used by Native Americans and early settlers, and was taken over in the early 1800's by the Rockland Turnpike Company and developed as a toll road. In 1894, the roadway was adopted by the County of Rockland. Jurisdiction was transferred to the State of New York in 1912 where it remained until 1960. A realignment of the state highway in 1960 resulted in the discontinuance of the disputed roadway. From 1960 until 1996, the roadway was maintained by the Town of Clarkstown. Most recently, in 1997,

the Town, by quitclaim deed, conveyed its interest in the abandoned roadway to the defendant EklecCo, which has since improved and incorporated the roadway into the system of roads accessing the Palisades Shopping Center. The County claims that the Town was not the rightful owner and that, upon abandonment, the roadway reverted to the County.

The Supreme Court correctly concluded that the County did not become the fee owner of the disputed roadway, formerly a county road, when the State abandoned the roadway (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The record shows that neither the County nor its predecessor, the Rockland Turnpike Company, acquired a fee interest in the disputed roadway. A title search did not reveal any grant of fee interest by any owner to the Rockland Turnpike Company or any grant of fee interest from the Rockland Turnpike Company to the County with regard to the disputed roadway. The County's claim of ownership rests solely on the fact that in 1894 the Rockland County Board of Supervisors "adopted" the roadway as a county road. However, merely "adopting" the road did not mean that it acquired a fee interest in the roadway. The County's claim of a fee interest in the public roadway is inconsistent with the initial 1809 legislation authorizing the creation of the Rockland Turnpike Company which gave the company only a limited authority to purchase and hold real property as "shall be necessary to fulfill the end and intent of the corporation hereby created and made, and to no other use, intent or purpose whatsoever" (L 1809, ch 29 [32nd Session]). The County's claim is also inconsistent with the general rule that the public acquires only an easement in highways and the fee remains in the landowner (*see Thompson v Orange & Rockland Elec. Co.,* 254 NY 366, 371 [1930]; *Mott v Eno,* 181 NY 346 [1905]; *Washington Cemetery v Prospect Park & Coney Is. R.R. Co.,* 68 NY 591, 594 [1877]).

The County's remaining contention is without merit. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.