■ Bruce Perlmutter et al., Appellants, et al., Plaintiffs, v Four Star Development Associates, Defendant, and Board of Management of Four Star Estates Condominium, Respondent. [833 NYS2d 679]—

Mercure, J. Appeal from an order and judgment of the Supreme Court (Clemente, J.), entered August 16, 2005 in Sullivan County, which granted a motion by defendant Board of Management of Four Star Estates Condominium for summary judgment dismissing the complaint against it.

This action involves a 50-foot unimproved section of Our Street, also known as Town Road 176, in the Town of Fallsburg, Sullivan County. Plaintiffs own property either near or fronting the approximately 200-foot paved section of Our Street, which runs through the Pinewood subdivision established by the David Proyect Construction Corporation (hereinafter Proyect). Defendant Four Star Development Associates (hereinafter Associates) constructed a condominium complex on land bordering the Pinewood development to the north. The unimproved portion of Our Street terminates at the boundary of the Four Star property, which does not otherwise abut the paved portion of Our Street. Pursuant to a site plan approved by the Town Planning Board, the current owner of the common areas of the condominium complex, defendant Board of Management of Four Star Estates Condominium (hereinafter defendant), cleared the unimproved portion of Our Street and constructed a driveway thereon connecting the condominium parking lot with the paved portion of Our Street.

Plaintiffs then commenced this action seeking an injunction

preventing defendant from using the driveway, along with damages and an order requiring defendants to reinstate the street to its previous condition. Plaintiffs, who did not join the Town of Fallsburg as a party, alleged that the unimproved section of Our Street is not a public highway. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint against it. Plaintiffs Bruce Perlmutter and Cindy Perlmutter (hereinafter collectively referred to as plaintiffs) appeal,* asserting that summary judgment was improperly granted because factual issues exist regarding whether the unimproved portion of Our Street ever became a public highway and, if so, whether that portion had been abandoned by the Town pursuant to Highway Law § 205 (1). Specifically, plaintiffs challenge Supreme Court's determination that defendant, as an abutting landowner to a public highway, had a right of access to Our Street, which it properly exercised by building a driveway over the unimproved portion.

We affirm. Initially, we conclude that Supreme Court correctly determined that the Town acquired the fee to and adopted the entire length of Our Street as a public highway by dedication. Inasmuch as dedication of property for a street is in the nature of a gift, a town acquires a fee to a highway by dedication when there has been a complete surrender to public use of the land by the owners, acceptance by the town, and some formal act on the part of the relevant public authorities adopting the highway, or use by the public coupled with a showing that the road was " 'kept in repair or taken in charge' by public authorities" (*Matter of Desotelle v Town Bd. of Town of Schuyler Falls*, 301 AD2d 1003, 1003-1004 [2003], quoting *People v Brooklyn & Queens Tr. Corp.*, 273 NY 394, 400 [1937]; *see Matter of City of New York [Sealand Dock & Term. Corp.]*, 29 NY2d 97, 101 [1971]; *Matter of Hunter*, 163 NY 542, 548 [1900]; *see also* Highway Law § 171 [1]). Notably, absent a formal act adopting the property as a public street, a town's acceptance of a deed conveying the fee to an unimproved strip of land is not enough to create a public highway (*see Matter of Desotelle v Town Bd. of Town of Schuyler Falls, supra* at 1004; *see also Matter of Hunter, supra* at 548).

Here, the record evinces that although the unpaved portion had never been used by the public, the Town Board adopted a resolution in 1974 accepting a deed from Proyect to the entire length of Our Street, including the 50-foot section that is in question. Further, in accordance with Highway Law § 171, the

---

* The remaining plaintiffs have not appealed. Associates served an answer but has not otherwise participated in the action.

Town Board formally directed the Town Superintendent of Highways to make an order laying out the road in its entirety as described in the deed, and the Superintendent of Highways so ordered that the land be laid out as a public highway. Thereafter, the Town referenced the entire length of Our Street— including the unpaved portion—on a tax map, official highway map and inventory of town highways, and paved and maintained all but the last 50 feet of Our Street. While a town is free to accept only a portion of the length of a dedicated road as a public highway and reject the remaining part (*see People v Underhill*, 144 NY 316, 323-326 [1895]; *Matter of Bayer v Pugsley*, 13 Misc 2d 610, 612 [1958], *affd* 7 AD2d 828 [1958]; *cf. Matter of Flacke v Strack*, 98 AD2d 881, 881 [1983]), we conclude that the formal acts of the Town Board and the Superintendent of Highways, along with the maintenance and use of all but the last 50 feet, demonstrated an intent to lay out the entire length of the dedicated property as a public highway (*see Matter of Hunter, supra* at 548; *Smith v Town of Sandy Creek*, 12 Misc 2d 916, 919-920 [1958], *affd* 8 AD2d 688 [1959], *lv denied* 7 NY2d 707 [1959]; *cf. Matter of Desotelle v Town Bd. of Town of Schuyler Falls, supra* at 1004; *Matter of Hillelson v Grover*, 105 AD2d 484, 485 [1984]).

Moreover, Supreme Court properly determined that Highway Law § 205 (1) is not applicable. Highway Law § 205 (1) provides that "[e]very highway that shall not have been opened and worked within six years from the time it shall have been dedicated to the use of the public, or laid out, shall cease to be a highway . . . [and] shall be deemed abandoned as a right-of-way." Section 205 (1) sets forth a six-year limitation on the life of an unused public easement; it does not apply where, as here, a town has acquired a fee to the land in question (*see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo*, 200 NY 113, 119 [1910]; *Martin v County of Delaware*, 61 AD2d 1111, 1111 [1978], *lv denied* 45 NY2d 711 [1978]; *Town of Clarkstown v Brent*, 60 AD2d 627, 627 [1977], *lv denied* 44 NY2d 654 [1978]; *Matter of Fusaro v D'Angelo*, 41 AD2d 567, 567-568 [1973]). Accordingly, inasmuch as Our Street is a public highway and "new use, consistent with its use as an open public street, must be tolerated by" the adjacent landowners, Supreme Court did not err in rejecting plaintiffs' challenge to defendant's use of the 50-foot portion of Our Street at issue to access its parking lot (*Matter of McNair v McNulty*, 295 AD2d 515, 515 [2002], *lv dismissed* 99 NY2d 552 [2002], *lv denied* 99 NY2d 510 [2003]; *see Matter of Scoglio v County of Suffolk*, 85 NY2d 709, 712 [1995]).

We further reject plaintiffs' argument that defendant's

driveway was built in violation of an agreement between Proyect and Associates wherein Associates agreed not to "attempt to construct an extension of the existing road [Our Street] to its premises." Defendant established that, by virtue of its dedicated parameters, Our Street extended all the way to defendant's property, notwithstanding the fact that the last 50 feet remained unpaved. In any event, it is undisputed that defendant, as a separate entity from Associates, had no notice of and was not a party to the agreement, which was not recorded in the Sullivan County Clerk's office and, thus, Supreme Court properly determined that defendant is not bound by the agreement.

Plaintiffs' remaining arguments are either unpreserved, academic, not properly before us, or otherwise lacking in merit.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.