■ TANYA ROMANOFF et al., Appellants, v VILLAGE OF SCARSDALE et al., Respondents. [856 NYS2d 168]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to the ownership of an unimproved portion of the roadbed of Bansom Road in the Village of Scarsdale, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 26, 2006, which denied their motion for summary judgment declaring that they own the unimproved portion of the roadbed, granted the cross motion of the defendant Village of Scarsdale for summary judgment declaring that it owns the unimproved portion of the roadbed, and granted the separate cross motion of the defendant Westchester Reform Temple for summary judgment declaring that it has the right to open and improve the unimproved portion of the roadbed for access to its real property.

Ordered that the order is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring the rights of the parties.

The plaintiffs own real property abutting the opposing sides of Bansom Road in the Village of Scarsdale, at a point where the road dead ends at the real property owned by the defendant Westchester Reform Temple (hereinafter WRT). Bansom Road was dedicated to the Village by written instrument, which was

recorded after its acceptance by the Village. Although the entirety of the road appears on a filed subdivision map and on the Village's tax map, the last 27 feet of Bansom Road (hereinafter the Bansom Road spur), adjacent to the plaintiffs' and WRT's properties, remains a wooded area that has never been improved or used as a highway. After WRT obtained permission from the Village to open the Bansom Road spur for emergency vehicle access, the plaintiffs commenced this action, claiming an ownership interest in this property. The Supreme Court properly determined that, as a matter of law, ownership of the Bansom Road spur remains vested in the Village.

"Title to real property may be acquired by a municipality by dedication and acceptance" (13 Warren's Weed, New York Real Property § 136.37 [5th ed]; *see Scarborough Props. Corp. v Village of Briarcliff Manor,* 278 NY 370, 377-378 [1938]; *Cook v Harris,* 61 NY 448, 453-454 [1875]; *Perlmutter v Four Star Dev. Assoc.,* 38 AD3d 1139, 1140 [2007]; *Matter of Fusaro v D'Angelo,* 41 AD2d 567 [1973]). "Dedication of a street . . . 'is essentially of the nature of a gift' by a private owner to the public and it becomes effective when the gift is accepted by the public" (*Matter of City of New York [Sealand Dock & Term. Corp.],* 29 NY2d 97, 101 [1971], quoting *Scarborough Props. Corp. v Village of Briarcliff Manor,* 278 NY at 377; *see Zebrowski v Trustees of Town of Brookhaven,* 128 AD2d 704, 705 [1987]). Once established, the dedication is irrevocable (*see Cook v Harris,* 61 NY at 453; *Riverview Partners v City of Peekskill,* 273 AD2d 455 [2000]).

" 'The test of the validity of a dedication, like the test of the validity of other gift or transfer, is, primarily, whether there has been complete relinquishment on the one side and acceptance on the other' " (*Zebrowski v Trustees of Town of Brookhaven,* 128 AD2d at 705, quoting *Scarborough Props. Corp. v Village of Briarcliff Manor,* 278 NY at 377; *see Perlmutter v Four Star Dev. Assoc.,* 38 AD3d at 1140; *Matter of Angiolillo v Town of Greenburgh,* 290 AD2d 1, 10 [2001]; *Winston v Village of Scarsdale,* 170 AD2d 672, 673 [1991]). Further, in addition to an offer and acceptance, there must be "some formal act on the part of the relevant public authorities adopting the highway" (*Perlmutter v Four Star Dev. Assoc.,* 38 AD3d at 1140; *see People v Brooklyn & Queens Tr. Corp.,* 273 NY 394, 401 [1937]; *Niagara Falls Suspension Bridge Co. v Bachman,* 66 NY 261 [1876]). "[T]he burden of proof lies on the party asserting that the land has been dedicated" (*Winston v Village of Scarsdale,* 170 AD2d at 673).

Here, the developer of the subdivision in which the plaintiffs'

properties are situated submitted to the Village a document, entitled "[d]edication," which stated that the developer "dedicat [ed] . . . all its right, title, and interest in and to that certain piece or parcel of land situate, lying, and being in the Village of Scarsdale, in the said County, including within the boundaries of all roads, as laid out and shown on a certain map and plan thereof, entitled 'Subdivision Map, Scarsdale Ridge, Section No. 4.' " This statement constitutes an unequivocal offer on the part of the developer to completely relinquish his interest in the land laid out as streets on the subdivision map (*see Perlmutter v Four Star Dev. Assoc.*, 38 AD3d at 1140). The Village Planning Board unequivocally accepted the dedication by written resolution stating: "a deed of dedication, executed by [the developer] . . . conveying title to all roads as shown on a map entitled 'Subdivision Map, Scarsdale Ridge, Section No. 4 . . .' is hereby accepted." The Village subsequently adopted Bansom Road, including the Bansom Road spur, by the formal act of accepting and recording the deed of dedication, by including Bansom Road on its tax map, and by opening and maintaining all but the last 27 feet of Bansom Road for public use (*see Perlmutter v Four Star Dev. Assoc.*, 38 AD3d at 1140). Accordingly, the subject property was validly dedicated to the Village.

Contrary to the plaintiffs' contention, the Village cannot be deemed to have abandoned its interest in the Bansom Road spur pursuant to Highway Law § 205. This statute "sets forth a six-year limitation on the life of an unused public easement; it does not apply where . . . [the Village] has acquired a fee to the land in question" (*Perlmutter v Four Star Dev. Assoc.*, 38 AD3d at 1141; *see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo*, 200 NY 113, 120 [1910]; *Town of Clarkstown v Brent*, 60 AD2d 627 [1977]; *Matter of Fusaro v D'Angelo*, 41 AD2d at 567-568). Here, the dedication instrument operated as a deed from the owner expressly conveying a fee interest to the Village, rather than an easement (*see Matter of Fusaro v D'Angelo*, 41 AD2d 567 [1973]; *cf. County of Rockland v EklecCo*, 2 AD3d 569, 570 [2003]). The instrument, which named the grantor and the grantee, described the land conveyed, bound the developer's "successors and assigns," contained the developer's notarized signature and corporate seal, and was subsequently recorded by the Village Clerk, thus bore the hallmarks of a deed of conveyance (*see Cohen v Cohen*, 188 App Div 933 [1919]; *cf. Bistrian v Bistrian*, 172 AD2d 577 [1991]). Further, the instrument expressly stated that the developer "hereby" dedicated "all its right, title, and interest" in the land. "When no limiting language is included in the conveyance document, 'title' is understood to mean a fee interest, not an easement" (*see Kohl*

*Indus. Park Co. v Rockland County,* 710 F2d 895, 903 [1983] [interpreting New York law]; *see generally Suffolk Bus. Ctr. v Applied Digital Data Sys.,* 78 NY2d 383, 388 [1991]; *Hallock v State of New York,* 32 NY2d 599, 605 [1973]). Moreover, the developer's intention to convey title to the Village is evidenced by the Village's resolution accepting "a deed of dedication . . . *conveying title"* (emphasis added; *see generally 328 Owners Corp. v 330 W. 86 Oaks Corp.,* 8 NY3d 372, 381 [2007]). Since the Village acquired a fee interest in the subject property, that interest cannot be deemed to have been abandoned.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.