■ CITY OF NEW YORK, Appellant, v KRIS GOUNDEN, Respondent. [15 NYS3d 206]—

In an action, inter alia, pursuant to RPAPL 871 for the removal of an encroaching structure upon real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered January 30, 2013, as denied that branch of its motion which was for summary judgment on the complaint and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal involves a dispute between a landowner, Kris Gounden (hereinafter the defendant), and the City of New York over an unmapped street in the Howard Beach neighborhood of Queens. The street, known as Broadway or Bayview Avenue (hereinafter Broadway), extends down the middle of a small peninsula of land. Broadway is the only means of vehicular ingress to or egress from the community of homes located at the southern tip of the peninsula. It is not disputed that Broadway passes over both public and private land, including two lots owned by the defendant, nor is it disputed that the street is not mapped on any official city map and that no easements of record exist where Broadway passes over private land. Broadway has been used by the public and the peninsula residents since at least the 1970s, and was paved and has been maintained by the City since 1994.

The defendant purchased his two lots on the peninsula in 2006 and immediately erected a fence within his property, which fence bisected Broadway lengthwise and dramatically narrowed the roadway. The City commenced an action pursuant to RPAPL 871, which provides that the owner of any legal estate in land may maintain an action for an injunction directing the removal of a structure encroaching on such land (see RPAPL 871 [1]). In its action, the City sought the removal of the fence and a permanent injunction enjoining the defendant from erecting any structures which would encroach upon

Broadway. The City moved, inter alia, for summary judgment on the complaint, contending that the fence was an impermissible encroachment on a public street and that the public had obtained an easement over the defendant's property pursuant to Highway Law § 189. The Supreme Court concluded that Highway Law § 189 is not applicable to streets located within a city, denied that branch of the City's motion which was for summary judgment on the complaint, and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint.

The Supreme Court properly concluded that Highway Law § 189 is inapplicable to this case, which involves an unmapped street located within the City of New York. Highway Law § 189 provides that lands which have been used by the public as a highway for a period of 10 years or more become a public highway with the same force and effect as if it had been duly laid out and recorded as a highway. This statute is codified within chapter 25, article VIII, of the Highway Law, which is clearly titled "Town Highways." Since the street at issue here is not located within a town, Highway Law § 189 has no applicability to this case and has no bearing on the issue of whether an easement in favor of the public was created over the defendant's property.

The City argues, in the alternative, that an easement in favor of the public was created over the defendant's property pursuant to the common-law doctrine of dedication. This doctrine requires evidence of the owner's intent to dedicate the property for public use and acceptance of the dedication by the public authorities (*see People v Brooklyn & Queens Tr. Corp.*, 273 NY 394, 400-401 [1937]; *Speir v Town of New Utrecht*, 121 NY 420, 428-429 [1890]). Here, however, the City's submissions in support of its motion for summary judgment failed to establish, prima facie, that the defendant's land had been dedicated to the use of public travel by any prior owner or the defendant.

Since the City could not establish that it had any legal interest in the portion of the defendant's land over which Broadway travels, it could not maintain its action pursuant to RPAPL 871 against the defendant (*see* RPAPL 871 [1]).

The City's remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the City's motion which was for summary judgment on the complaint and, upon searching the record, properly awarded summary judgment to the defendant dismissing the complaint. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.