■ No-Dent Properties, Inc., Appellant, v Commissioner of Town of Hempstead Department of Highways et al., Respondents. [29 NYS3d 465]—

In an action, inter alia, for declaratory relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered June 3, 2014, as granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendant S. Nicola & Sons Realty Corp. (hereinafter Nicola) and the plaintiff own real property abutting the opposing sides of Bishop Road, a public highway located in the Town of Hempstead. In 1942, "all right, title and interest" in Bishop Road was dedicated to the Town "for highway purposes." The plaintiff commenced this action against Nicola and the Commissioner of the Town of Hempstead Department of Highways (hereinafter the Commissioner) seeking, inter alia, a judgment declaring Bishop Road an abandoned highway pursuant to Highway Law § 205 (1). The plaintiff alleged that when it acquired the property abutting Bishop Road in 1998, Bishop Road was "an unpaved dirt pathway" that led to "nowhere," and that it paved the length of Bishop Road, painted stripes for parking stalls to provide spaces for its customers, and erected a six-foot fence, enclosing the full width of the roadbed. The plaintiff asserted that, with the exception of vehicles that cross over a small portion of Bishop Road to enter a separate lot, there had been no regular vehicular or pedestrian traffic along Bishop Road for at least 15 years.

The Commissioner and Nicola separately moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action. The Supreme Court granted those branches of the motions, determining that the complaint failed to state a cause of

action premised upon abandonment pursuant to Highway Law § 205 (1) because the Town owned a fee interest in Bishop Road. The plaintiff appeals.

Contrary to the Commissioner's contention, it is not entitled to dismissal of the appeal on the basis that certain necessary parties were not made parties to the action (*see generally* CPLR 1001 [a], [b]).

The Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action. Highway Law § 205 (1) "sets forth a six-year limitation on the life of an unused public easement" (*Perlmutter v Four Star Dev. Assoc.*, 38 AD3d 1139, 1141 [2007]; *see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo*, 200 NY 113, 120 [1910]). It does not apply where a town has acquired a fee to the land in question (*see Perlmutter v Four Star Dev. Assoc.*, 38 AD3d at 1141). Here, the plaintiff does not dispute that the Town owns a fee interest in Bishop Road. Accordingly, Bishop Road cannot be deemed abandoned under Highway Law § 205, even if it has not "been traveled or used as a highway for six years" (Highway Law § 205 [1]; *see Barnes v Midland R.R. Term. Co.*, 218 NY 91, 99 [1916]; *see also New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo*, 200 NY at 120; *Romanoff v Village of Scarsdale*, 50 AD3d 763, 764 [2008]; *Town of Clarkstown v Brent*, 60 AD2d 627 [1977]; *Matter of Fusaro v D'Angelo*, 41 AD2d 567, 567-568 [1973]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.