EPG Assoc., LP v Cascadilla Sch. (2021 NY Slip Op 02857)





EPG Assoc., LP v Cascadilla Sch.


2021 NY Slip Op 02857


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530736
[*1]EPG Associates, LP, et al., Appellants,
v
Cascadilla School et al., Defendants, and Barbara Cheung et al., Respondents.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Raymond M. Schlather of counsel), for appellants.
The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for Barbara Cheung and another, respondents.
Law Office of Sharon M. Sulimowicz, Ithaca (Sharon M. Sulimowicz of counsel), for 232 Dryden Road, LLC, respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (McBride, J.), entered December 23, 2019 in Tompkins County, which (1) granted a motion by defendants 232 Dryden Road, LLC for summary judgment dismissing the complaint against it, and (2) granted that part of a cross motion by defendants Barbara Cheung and Chi-Kay Cheung for summary judgment on their cross claim for adverse possession.
Summit Avenue is a short, dead-end roadway located off of Oak Avenue in the City of Ithaca, Tompkins County. Plaintiffs own a multi-unit apartment building located at 320 Dryden Avenue that enjoys vehicular access to Summit Avenue. Defendants 232 Dryden Road, LLC, Cascadilla School, Barbara Cheung and Chi-Kay Cheung own the remaining five parcels of property that also enjoy vehicular access to Summit Avenue. In late-September 2017, 232 Dryden Road erected a chain-link construction fence around its property located at 114 Summit Avenue in preparation for the construction of a multi-unit apartment complex. The fence obstructed a portion of Summit Avenue and purportedly restricted access to plaintiffs' property. In response to the erection of the fence and to resolve various ongoing disputes regarding the ownership rights of the adjoining property owners with respect to Summit Avenue, plaintiffs commenced this action in October 2017 against 232 Dryden Road, Cascadilla School, the Cheungs and defendant City of Ithaca, asserting causes of action for (1) a declaratory judgment that, pursuant to RPAPL article 15, Summit Avenue is a public street by dedication, (2) a declaratory judgment that, pursuant to RPAPL article 15, the entirety of Summit Avenue is subject to public and private easements creating a right-of-way for the benefit of adjoining property owners, (3) a declaratory judgment that, pursuant to RPAPL 871, any encroaching structures erected in the path of Summit Avenue be removed, and (4) damages for loss of use and restricted access to Summit Avenue.[FN1]
The City and 232 Dryden Road filed separate pre-answer motions to dismiss and, while these motions were pending, Cascadilla School and the Cheungs answered. In their answer, the Cheungs asserted two counterclaims and a cross claim, seeking, as relevant here, a declaratory judgment that they acquired title to the 11 parking spaces in front of their property at 109 Summit Avenue (hereinafter the parking area) through adverse possession or prescription. In March 2018, Supreme Court (Faughnan, J.) dismissed all but plaintiffs' first cause of action seeking a declaratory judgment that Summit Avenue is a public street. The City and 232 Dryden Road thereafter answered and, following joinder of issue, 232 Dryden Road and the Cheungs (hereinafter collectively referred to as defendants) separately moved for summary judgment dismissing the remaining cause of action. The Cheungs also cross-moved for summary judgment on their counterclaims and cross claim. In December 2019, Supreme Court granted 232 Dryden Road's motion [*2]for summary judgment dismissing plaintiff's remaining cause of action, determining that Summit Avenue was a private roadway, not a public street. Supreme Court also granted that part of the Cheungs' cross motion seeking summary judgment on their cross claim, determining that they had established title to the parking area by adverse possession. Plaintiffs appeal.
Plaintiffs contend that Supreme Court erred in granting 232 Dryden Road's motion for summary judgment dismissing the remaining cause of action in the complaint as triable issues of fact exist with respect to whether Summit Avenue had become a public street by either express or implied dedication. On a motion for summary judgment, it is the moving party's "burden to establish a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014] [internal quotation marks and citation omitted]). "If the moving party proffers the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 74 [2020] [internal quotation marks and citations omitted]).
As relevant here, "[a] highway or street located within the geographical limits of a [municipality] may become a [municipal] highway or street either by dedication or use" (Town of Lake George v Landry, 96 AD3d 1220, 1221 [2012] [internal quotation marks and citation omitted]). A dedication is essentially a gift by a private owner or owners to the public (see Matter of Jasinski v Hudson Pointe Homeowners Assn., Inc., 124 AD3d 978, 979 [2015]; Romanoff v Village of Scarsdale, 50 AD3d 763, 764 [2008]) and a municipality acquires title to a roadway by dedication "when there has been a complete surrender to public use of the land by the owners, acceptance by the [municipality], and some formal act on the part of the relevant public authorities adopting the highway, or use by the public coupled with a showing that the road was kept in repair or taken in charge by public authorities" (Perlmutter v Four Star Dev. Assoc., 38 AD3d 1139, 1140 [2007] [internal quotation marks and citations omitted]; accord Town of Lake George v Landry, 96 AD3d at 1221).[FN2] To establish a dedication, "the acts and declarations of the [property owner or owners] must be unmistakable in their purpose, and decisive in their character, showing an intent to dedicate the land, absolutely and irrevocably to public use; and there must also be an acceptance and formal opening by the public authorities, or a user" (Matter of City of New York, 239 NY 119, 128 [1924]).
In support of its motion for summary judgment, 232 Dryden Road submitted, among other things, the relevant historical deeds of those properties adjoining present-day Summit Avenue, as well as various [*3]historical survey maps depicting the location thereof. The historical deeds demonstrate that, as of 1884, Jeremy Smith owned all of the property that adjoined Summit Avenue. As relevant here, the City was subsequently incorporated on June 1, 1888. Prior thereto, Smith conveyed two parcels of property that adjoined Summit Avenue. The first such deed conveyed a portion of what is now 114 Summit Avenue to Alanson Burlingame "subject to and reserving the use of a strip of land 25 feet wide" as a "highway for use in common with adjoining owners to be 50 feet wide and extending north from Dryden Road." The second deed conveyed what is now 116 Summit Avenue, which referenced the same strip of land, for the same common use with adjoining owners and named it for the first time as "Summit Street (so-called)."[FN3] Notably, neither of these deeds made any explicit reference demonstrating an intent to dedicate the referenced strip of land — i.e., Summit Avenue — to the City for public use. Although these deeds reference Summit Avenue's future use as "highway," the language therein specifically reserved any such use solely for adjoining property owners, and there is no specific conveyance of Summit Avenue to the City or reservations made for public use so as to establish an offer of dedication (see Winston v Village of Scarsdale, 170 AD2d 672, 673 [1991], lv denied 78 NY2d 855 [1991]; compare Underhill Ave. Corp. v Village of Croton-on-Hudson, 82 AD3d 963, 965-966 [2011]).
Following the City's incorporation, the later deeds of conveyance continued to include language reserving the use of Summit Avenue solely for adjoining property owners, without any reference to an intent by the adjoining property owners to dedicate Summit Avenue to the City for use as a public street. Nor is there any reference in said deeds citing to or incorporating a specific survey map that would evidence the property owners' intent to dedicate Summit Avenue to the City, either prior to or following the City's June 1, 1888 incorporation (see Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d 1003, 1004 [2003]).[FN4] Additionally, 232 Dryden Road submitted the minutes from various meetings of the City's Board of Public Works from the 1940s, 1950s and 1960s, wherein the City was asked to consider the possibility of making Summit Avenue a public street should the relevant property owners donate their interests therein. Despite said requests, additional documentation submitted by 232 Dryden Road, including, among other things, the deposition testimony of the City's assistant superintendent of public works — a City employee for the past 28 years — demonstrated that Summit Avenue has not been dedicated or formally accepted by the City as a public street. Accordingly, based on the foregoing, we find that 232 Dryden Road met its prima facie burden of establishing that Summit Avenue was never dedicated to the City by its adjoining property owners for public use (see Niagara [*4]Falls Suspension Bridge Co. v Bachman, 66 NY 261, 269-270 [1876]; La France v Town of Altamont, 277 App Div 917, 917 [1950]; see also City of New York v Gounden, 131 AD3d 560 [2015]).
In opposition, plaintiffs failed to demonstrate a material issue of fact. Even conceding, as plaintiffs contend, that the location of Summit Avenue was listed on a historical survey map prior to the City's incorporation, other than its conclusory assertion that, by that very fact, it became a street upon incorporation, they fail to point to any specific deed or conveyance in the chain of title for the properties adjoining Summit Avenue wherein reference is made to said map for the purpose of demonstrating a clear and unequivocal intent to dedicate it to the City for use as a public street (see generally Matter of Glick v Harvey, 25 NY3d 1175, 1180 [2015]; Stanley Acker Family L.P. v DePaulis Enters. V, Ltd., 132 AD3d 657, 658-659 [2015]). Moreover, even assuming that plaintiffs provided evidence to establish that an offer of dedication had been made by the adjoining property owners, there is no evidence in the record establishing any official act by the City that could be reasonably construed as a formal act of acceptance of such a dedication (see Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d at 1004; Matter of Hillelson v Grover, 105 AD2d 484, 485 [1984]). The mere fact that the property owners adjoining Summit Avenue receive mail service and that the City provides certain municipal services, such as sewer, water, fire hydrants and garbage collection — services for which the adjoining property owners pay taxes — and the City once oiled and stoned the street in 1940 were insufficient to raise a question of fact as to whether the City accepted any such purported dedication or that the street was otherwise taken over and maintained by the City (see People v Brooklyn & Queens Tr. Corp., 273 NY 394, 402 [1937]; Town of Lake George v Dehaan, 211 AD2d 911, 912 [1995]; La France v Town of Altamont, 277 App Div at 918). This is particularly so given the unrebutted evidence that the adjoining property owners paid to have the street paved, pay to have the street privately plowed in the winter and hand painted and installed their own stop sign. The City, meanwhile, denies that Summit Avenue is a public street, and it cannot be compelled through this litigation to accept what has otherwise been demonstrated to be a private road (see Matter of Di Lucia v Town Bd. of Town of Westford, 245 AD2d 692, 693 [1997]).
Turning to the Cheungs' cross motion for summary judgment, we find that they met their prima facie burden of establishing that they adversely possessed the parking area, extinguishing any easements that other adjoining property owners to Summit Avenue may have previously enjoyed.[FN5] As relevant here, "an easement created by grant, express or implied, can only be extinguished by abandonment, conveyance, condemnation, or adverse possession" (Rosen [*5]v Mosby, 148 AD3d 1228, 1232 [2017] [internal quotation marks, brackets and citation omitted], lv dismissed 30 NY3d 1037 [2017]). To establish a claim for adverse possession, the Cheungs were "required to prove, by clear and convincing evidence, that [their] possession of the [parking] area was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required [10-year] period" (LS Mar., LLC v Acme of Saranac, LLC, 174 AD3d 1104, 1106 [2019] [internal quotation marks and citation omitted]; see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]).
In support of their cross motion, the Cheungs submitted, among other things, the affidavit of Barbara Cheung and the deeds demonstrating that the Cheungs have had an ownership interest in 109 Summit Avenue since 1982. The 1982 deed explicitly conveyed the subject property "subject to the use of Summit Avenue in common with adjoining property owners as now laid out and used." According to Barbara Cheung, since 1982, 109 Summit Avenue has been used as student rentals, including the leasing of the parking spots comprising the parking area and, since 1991, she has managed same. The parking area clearly occupied a portion of Summit Avenue and the Cheungs have used this portion as paid parking continuously and uninterrupted since 1982, without ever having asked the other adjoining property owners for permission to do so. The parking area, meanwhile, has had marked and identifiable parking spaces for in excess of 10 years and the Cheungs aver that signage has been posted along Summit Avenue indicating either "no parking" or "reserved parking" since, at the very least, 1991, indicating that the parking area was to be used by lessees at the exclusion of others. In 2009, moreover, the Cheungs rebuffed an offer by plaintiffs' principal owner to obtain a permanent easement over the parking area in exchange for foregoing any rights that they may have to this property, clearly indicating a hostile intent. Thus, based on the foregoing, we agree with Supreme Court that the Cheungs met their initial burden of establishing their entitlement to title of the parking area by adverse possession (see Spiegel v Ferraro, 73 NY2d 622, 627-628 [1989]; Zeledon v MacGillivray, 263 AD2d 904, 905 [1999]; compare Gold v Di Cerbo, 41 AD3d 1051, 1054 [2007], lv denied 9 NY3d 811 [2007]). The burden of proof having shifted to plaintiffs, they failed to raise a material issue of fact in opposition. Accordingly, we find that Supreme Court appropriately granted the Cheungs' cross motion on their claim seeking to extinguish the easement over the parking area by adverse possession (see Spiegel v Ferraro, 73 NY2d at 627-628; Zeledon v MacGillivray, 263 AD2d at 905; compare Dutcher v Allen, 93 AD3d 1101, 1103-1104 [2012]).
Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: Supreme Court issued a temporary restraining order preventing 232 Dryden Road from obstructing plaintiffs' access along Summit Avenue pending the outcome of this litigation.

Footnote 2: As limited by their complaint, plaintiffs' allegations regarding the use of Summit Avenue are only relevant insofar as they pertain to whether such use constituted an acceptance of a valid dedication. To the extent that plaintiffs allegations may be characterized as an attempt to argue a separate cause of action for creating a highway by use, plaintiffs are not entitled to raise this claim for the first time on appeal (see Elm Lansing Realty Corp. v Knapp, 192 AD3d 1348, 1352 n 3 [2021]; Nationstar Mtge. LLC v Adee, 172 AD3d 1693, 1695 [2019]).

Footnote 3: Although the second deed indicated that this strip of land/street was to be graded and opened by October 1888, it is apparent that, as of the City's June 1, 1888 incorporation, Summit Avenue had yet to be graded or formally opened for use (see Niagara Falls Suspension Bridge Co. v Bachman, 66 NY 261, 269 [1876]).

Footnote 4: In fact, in 1894, Smith conveyed a parcel of property adjoining Summit Avenue, which is now part of present day 232 Dryden Road, specifically reserving the right to install water and gas mains under Summit Avenue, demonstrating that Smith did not intend to completely relinquish his interest in Summit Avenue to the City (see Scarborough Props. Corp. v Village of Briarcliff Manor, 278 NY 370, 377 [1938]; compare Romanoff v Village of Scarsdale, 50 AD3d at 764-765).

Footnote 5: Given our holding that Summit Avenue is a not a public street, we may address the Cheungs' claim that they extinguished any existing easements over the private roadway in favor of the adjoining property owners by adverse possession.