Ellis v Town of E. Hampton, N.Y. (2025 NY Slip Op 01080)

Ellis v Town of E. Hampton, N.Y.

2025 NY Slip Op 01080

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-02797
 (Index No. 39825/10)

[*1]Harry J. Ellis, etc., appellant, 
v
Town of East Hampton, New York, respondent, et al., defendants.

Jordan & LeVerrier, P.C., East Hampton, NY (Dianne K. LeVerrier of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for respondent and defendants William Wilkinson, Larry Penny, and East Hampton Town Natural Resources Department.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated February 8, 2022. The judgment, upon an order of the same court dated September 9, 2021, inter alia, denying the plaintiff's motion for summary judgment on the complaint and granting the cross-motion of the defendant Town of East Hampton, New York, for summary judgment declaring that the defendant Town of East Hampton, New York, is the sole owner of, and the plaintiff has no ownership interest or prescriptive easement in, the subject real property, declared that the defendant Town of East Hampton, New York, is the sole owner of, and the plaintiff has no ownership interest or prescriptive easement in, the subject real property.
ORDERED that the judgment is reversed, on the law, with costs, the cross-motion of the defendant Town of East Hampton, New York, for summary judgment declaring that the defendant Town of East Hampton, New York, is the sole owner of, and the plaintiff has no ownership interest or prescriptive easement in, the subject real property is denied, and the order dated September 9, 2021, is modified accordingly.
This action seeks, inter alia, to quiet title to certain real property located on the shore of Lake Montauk (hereinafter the subject property). The Town of East Hampton, New York, claims to own the subject property by virtue of a dedication of the land made to the Town in 1941. The plaintiff claims to own the subject property by adverse possession. The Supreme Court denied the plaintiff's motion for summary judgment on the complaint, granted the Town's cross-motion for summary judgment declaring that the Town is the sole owner of, and the plaintiff has no ownership interest or prescriptive easement in, the subject property, and entered judgment accordingly. The plaintiff appeals.
The Supreme Court should not have granted the Town's cross-motion for summary judgment declaring that the Town is the sole owner of, and the plaintiff has no ownership interest or prescriptive easement in, the subject property. "Although a municipality cannot lose title through [*2]adverse possession to property which it owns in its governmental capacity, or which has been made inalienable by statute, when a municipality holds real property in its proprietary capacity, there is no immunity against adverse possession" (Vaccaro v Town of Islip, 181 AD3d 751, 753 [internal quotation marks omitted]; see Mazzei v Metropolitan Transp. Auth., 164 AD3d 1227, 1228; Monthie v Boyle Rd. Assoc., 281 AD2d 15, 20; Casini v Sea Gate Assn., 262 AD2d 593, 595). "Inasmuch as dedication of property for a street is in the nature of a gift, a town acquires a fee to a highway by dedication when there has been a complete surrender to public use of the land by the owners" and acceptance by the town (Perlmutter v Four Star Dev. Assoc., 38 AD3d 1139, 1140; see Matter of City of New York [Sealand Dock & Term. Corp.], 29 NY2d 97, 101; Scarborough Props. Corp. v Village of Briarcliff Manor, 278 NY 370, 377; Romanoff v Village of Scarsdale, 50 AD3d 763, 764). In addition, there must be "some formal act on the part of the relevant public authorities adopting the highway, or use by the public coupled with a showing that the road was kept in repair or taken in charge by public authorities" (Perlmutter v Four Star Dev. Assoc., 38 AD3d at 1140 [internal quotation marks omitted]; see People v Brooklyn & Queens Tr. Corp., 273 NY 394, 401). "Notably, absent a formal act adopting the property as a public street, a town's acceptance of a deed conveying the fee to an unimproved strip of land is not enough to create a public highway" (Perlmutter v Four Star Dev. Assoc., 38 AD3d at 1140; see Romanoff v Village of Scarsdale, 50 AD3d at 764).
Here, there are triable issues of fact as to whether the subject property was established as a public street and, therefore, whether the Town could lose title to the subject property through adverse possession (see Tessema v City of Rochester, 128 AD3d 1442, 1444; City of Tonawanda v Ellicott Cr. Homeowners Assn., Inc., 86 AD2d 118, 125; see also EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158, 1163 n 5; Vaccaro v Town of Islip, 181 AD3d 751, 753; Litwin v Town of Huntington, 208 AD2d 905, 906). Contrary to the plaintiff's contention, the December 31, 1941 documents (hereinafter the 1941 documents) submitted by the Town evidence both a dedication and acceptance of the property described therein for purposes of a public highway (see Romanoff v Village of Scarsdale, 50 AD3d at 765). However, the Town failed to present sufficient evidence of any formal act adopting the property described in the 1941 documents as a public street or sufficient evidence of use by the public, coupled with a showing that the road was kept in repair or taken in charge by public authorities (see Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d 1003; cf. Romanoff v Village of Scarsdale, 50 AD3d at 764; Perlmutter v Four Star Dev. Assoc., 38 AD3d at 1140). Concomitantly, the Town failed to show that the property described in the 1941 documents could not be abandoned by the Town pursuant to Highway Law § 205(1), if the plaintiff shows that it has not been traveled or used as a highway for six years (see No-Dent Props., Inc. v Commissioner of Town of Hempstead Dept. of Hwys., 138 AD3d 702). Further, the Town failed to establish that the property described in the 1941 documents encompassed the entire property that is the subject of this action.
Moreover, neither party has established their prima facie entitlement to judgment as a matter of law as to the plaintiff's claim of adverse possession. "To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right . . . (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Estate of Becker v Murtagh, 19 NY3d 75, 81; see RPAPL 501, 521). The plaintiff alleges that he obtained title to the subject property through adverse possession in approximately 2006. At that time, RPAPL 522 provided that "land is deemed to have been possessed and occupied . . . [w]here it has been usually cultivated or improved" (id. former § 522[1]), or where the land "has been protected by a substantial inclosure" (id. former § 522[2]). Here, there are triable issues of fact as to the plaintiff's exclusive occupation of the subject property.
Furthermore, when an adverse possessor's property right allegedly vested prior to the 2008 amendments to the RPAPL, "in order to defeat the claim of right, actual knowledge by the possessor as to who was the true owner was insufficient; an overt acknowledgment during the statutory period that ownership rested with another party was required" (SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d 1122, 1124). Here, neither party has shown as a matter of law whether the plaintiff occupied the subject property under a claim of right during the statutory period. Accordingly, triable issues of fact exist as to the plaintiff's adverse possession of the subject property, which must be proven by the plaintiff at trial with clear and convincing evidence (see Scalamander Cove, LLC v Bachmann, 119 AD3d 547; Galchi v Garabedian, 105 AD3d 700, 701).
The plaintiff's remaining contentions need not be reached in light of this determination.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court